## CLARKSON *v.* DUNNING.

*(Supreme Court, General Term, Second Department.  February 11, 1889.)*

1. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—LEGAL REMEDY.
    Where judgment has been obtained against one partner on a note signed by the firm and indorsed by a third person, and the remedy at law against him has been exhausted, an action to set aside a conveyance by him as fraudulent may be maintained without attempting to enforce the remedy at law against the other parties to the note.

2. SAME—PARTIES—ASSIGNEE IN BANKRUPTCY.
    An assignee in bankruptcy, who has been discharged, is not a necessary party to an action to set aside a conveyance by the bankrupt before bankruptcy as fraudulent.

3. SAME—PROOF OF FRAUD—SUBSEQUENT CREDITORS.
    At the time of executing a conveyance the grantor was surety on appeal from a judgment of $17,531, and on a bond for $30,000, to secure a judgment the amount of which did not appear.  He stated that he had $16,000 besides the amount invested in his business, which he sold a year later for $25,000.  Nearly four years after the conveyance he was adjudged a bankrupt; his bankruptcy being incident to that of his former partner.  *Held* no evidence of fraud or of insolvency at the time of the conveyance, as against subsequent creditors.

4. SAME—EVIDENCE.
    A statement in a letter by the assignee in bankruptcy to the register, that the business of the grantor's firm was bankrupt many years, is not evidence against the grantee.

Appeal from special term, Westchester county.

Action by Theodore Clarkson against Frances G. Dunning, to set aside conveyance to defendant by William B. Lang, as fraudulent as to creditors. Defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Harris & Corwin,* for appellant.    *Thomas M. Wheeler,* for respondent.

BARNARD, P. J.   On the 2d day of March, 1874, one William B. Lang executed and delivered to the defendant, his daughter, a deed of the premises in question, which was recorded in June, 1874.  In January, 1875, W. B. Lang & Co. made three notes, payable at a future date.  These notes all matured in 1875, and before maturity passed into the hands of the late C. K. Garrison. Lang's partner was one George M. Wheeler.  Garrison's executor recovered a judgment against Lang, June 20, 1887.  The action was commenced against both partners, but judgment was taken only against Lang, and the execution was issued on this judgment.  In November, 1877, Lang was adjudged a bankrupt, and an assignee in bankruptcy was duly appointed.  The assignee did not attempt to assail the defendant's title, and was duly discharged.  In May, 1875, Lang sold out his interest in the firm to his partner, Wheeler, for $25,000, secured by a mortgage on lands of Wheeler's wife.  The mortgage was assigned by Lang to a Mrs. Bailey, his daughter, and the assignment by its terms reserved a life-estate in the mortgage to Lang himself.  This assignment was made 14th of September, 1877, and on the same day the life-estate interest was assigned to the Low Moor Iron Company.  Both of these assignments were recorded soon after.  There was an indorser on the Garrison notes, one S. G. Wheeler, and no judgment has ever been obtained against either the partner, Wheeler, or the indorser, Wheeler.

Three questions are presented:

Will an action lie against the defendant without an attempt to enforce a legal remedy against the other parties to the note?  This question must be answered in the affirmative.  The partner Lang was individually liable upon the note, and a judgment could be taken against him solely, which was done. An execution was duly issued on this judgment, and the remedy of law was thereby exhausted as to these lands.  *Wheel Co.* v. *Fielding,* 101 N. Y. 504, 5 N. E. Rep. 431.

Was the assignee in bankruptcy a necessary party? The United States bankrupt law provides for a discharge of an assignee upon settlement of the accounts, but makes no provision for subsequently discovered property. The plaintiff has the right to attack the transfer, having a judgment, and there is no present assignee to question his rights.

Was the transfer fraudulent and void as against creditors? The Garrison notes were made after the transfer, and the rule is that fraud is a question of fact, and subsequent indebtedness does not of itself show fraud. *Babcock* v. *Eckler*, 24 N. Y. 630; *Phillips* v. *Wooster*, 36 N. Y. 412; *Dygert* v. *Remerschnider*, 32 N. Y. 629; *Jackson* v. *Badger*, 109 N. Y. 632, 16 N. E. Rep. 208.

Was Lang insolvent when the deed was given to plaintiff? The proof shows that Lang sold out his interest in the business of William B. Lang & Co. for $25,000, in May, 1875. There is no proof of any insolvency at this time. This sale was over a year after the transfer, and over two years before the insolvency was declared. The only proof of insolvency in the case is that Lang was a surety for one of the Wheelers on appeal from a judgment of $17,531.72, given in January, 1874, and on a bond for $30,000 to secure a judgment of one Ledgerick, assignee, against George M. Wheeler. The amount of the Ledgerick judgment is not given. They were affirmed on appeal, and who paid them is not shown. This will not justify a finding that the grantor owed the amount of those two bonds, and that that was more than his property remaining after the sale to defendant. The affidavit of Lang to the justification of the $30,000 bond was not proper evidence, but does not show that Lang's remaining property was not more than sufficient to pay mortgage debts. Besides the property in question, he states that he had at Scarsdale $10,000 in personal property, a mortgage of $6,000, and that all his other estate was invested in the business. He sold this interest for $25,000 subsequently. What it was worth some two years before does not appear. Assuming, therefore, that the penalty of $30,000 was the debt, there is no proof of insolvency. As against $47,000 there were $16,000 and an undefined interest in a business which subsequently brought, in cash or its equivalent, $25,000. No presumption of fraud from insolvency can be based upon the evidence. The letter of Chur, assignee, to Little, register, was not evidence against the defendant. He states in this letter that the business of Lang & Co. was bankrupt "many years," as a reason why so great an amount of nominal assets realized so small an amount of cash. No figures are given which show the value of the business in March, 1874, when the defendant took her title. The bankruptcy of Lang was an incident of the bankruptcy of George M. Wheeler, who bought out the interest of Lang. We think, therefore, that the evidence fails to support a finding that Lang was insolvent, and made this transfer in fraud of creditors, in March, 1874.

It is not necessary to pass upon a question of limitations. If the respondent is right that the assignee in bankruptcy had no right to institute an action to set the deed aside, and if the plaintiff's assignor knew of the alleged fraud over 10 years before bill filed, it is very doubtful if the waiting to obtain judgment and issue execution will suspend the operation of the statute. The judgment on the merits should be reversed, and a new trial granted, costs to abide event. All concur.