# CHARLESTON.

## BALL v. STEWART.

Submitted January 13, 1896.—Decided March 21, 1896.

REVERSAL—INCOMPETENT EVIDENCE.

A decree appearing plainly right from the competent evidence in the case will not be reversed because of the admission of incompetent evidence.

TOMLINSON & WILEY for appellants, cited Code, c. 65, ss. 1, 7; Code, c. 64, s. 6; 2 Paige (N. Y.) 501; 11 Ala. 620; 27 Ala. 222; 28 Ala. 315; 30 Ala. 714; 14 Cal. 76; 17 Conn. 189; 36 Ga. 286; 23 Iowa 433; 2 Md. Ch. 341, 393; 97 Mass. 373; 37 Pa. St. 225; 11 N. J. Eq. 195; 2 Sneed (Tenn.) 716; 15 Ill. 186; 21 Ill. 438; 2 Mass. 150; 4 Wis. 135; 26 Mo. 545; 2 Md. Ch. 335; 25 N. J. Eq. 526, 529; 32 N. J. Eq. 547, 556; 19 A. Rep. 74; 18 W. Va. 522.

H. R. HOWARD and L. C. SOMERVILLE, for appellees, cited Code, c. 130, s. 23; 26 W. Va. 126; 32 W. Va. 126; 19 W. Va. 79, syl. pt. 6; 28 W. Va. 506, syl. pt. 2; 5 Am. & Eng. Enc. Law, 823, 821 n. 1, 803 n. 16; 1 Min. Inst. 286; Sand, Suit Eq. (2d Ed.) 38-9.

DENT, JUDGE:

In the Circuit Court of Mason county, on the first Monday in January, 1892, Mary A. Ball, widow of R. H. Ball, deceased, filed her bill of complaint against Henry W. Stewart, defendant, claiming that she, as such widow, was entitled to be endowed of a certain tract of two hundred acres of land, of which her husband during their marriage was seised of an estate of inheritance, but which had been sold during his lifetime to pay certain liens thereon, and purchased by said defendant, who refused to recognize her right to dower therein.

Defendant answered, admitting the most of the allegations of the bill, but denying the relief prayed, for the reason

that the plaintiff had voluntarily left her husband, without such cause as would entitle her to a divorce from the bonds of matrimony or from bed and board, and without such cause, and of her own free will, was living separate and apart from her said husband at the time of his death, and for more than one year prior thereto.

The plaintiff replied generally to this answer. Numerous depositions were taken, and the court decreed in favor of plaintiff. From this decree the defendant appeals, and now here relies on the following errors, to wit :

1. The insufficiency of the allegation of marriage and widowhood, and also as to the liens being subsequent to the attachment of the dower right. This is purely a technical objection, and, as it admits the truth of the general allegation of the bill that the plaintiff is entitled to dower in the land in controversy, is not tenable. Such being the case, the bill was sufficient, and the court would, by order of reference, ascertain the extent of her dower, and subordinate it to any liens having the right of prior payment.

2. The incompetency of the plaintiff's evidence, and that the competent evidence was insufficient to sustain the decree. The sole question in this case is whether the plaintiff voluntarily left her husband, without such cause as would entitle her to a divorce from the bonds of matrimony or from bed and board, and without such cause, of her own free will, was living separate and apart from him at the time of his death. "A divorce from bed and board may be decreed for cruel or inhuman treatment, reasonable apprehension of bodily hurt, abandonment, desertion, or where either party after marriage becomes an habitual drunkard. A charge of prostitution made by the husband against the wife falsely shall be deemed cruel treatment, within the meaning of this statute." Code, c. 64, s. 6.

While man still, through his selfishly assumed superiority, arrogates to himself the sole right to make laws, to which woman, in her confiding frailty, must humbly submit, or "take arms against a sea of" *unknown* "troubles," the barbaric day of female bondage and prostitution of the marriage relation, to the utter annihilation of the legal ex-

istence of the weaker sex, at least among the more advanced of civilized nations, has passed away forever, and a wife is no longer compelled by law to remain the miserable slave of an inhuman and brutal husband. The enlightened sense of justice in her children, heartily ashamed of the barbarisms or their forefathers, has at length compelled the recognition of the right of woman to be treated as a human being. Madame De Stael once said with biting, yet truthful, sarcasm, that, "the more she saw of men, the more she admired dogs." For there is no animal among the brute creation that treats the mother sex with as little respect and great brutality as brutal man. The difference is that the former is governed by unerring instinct; while the latter is permitted by his Creator to do equal justice according to reason, which he may corrupt by prejudice, passion, and ignorance, and impair by wicked indulgence in immorality, intemperance, and vice. The humanity of our laws as they now stand recognizes the right of a wife, without losing her legal status, to absent herself from her husband's bed and board for cruel and inhuman treatment or reasonable apprehension of bodily harm; a charge of prostitution being included within the meaning of cruel treatment.

Excluding the testimony of the plaintiff as incompetent, the other competent evidence in the case shows that, while she was a quiet, dutiful, and hard working wife, her husband was high tempered, jealous, and vindictive, abusive, subject to insane spells, and even threatened to kill her, accused her at times of thinking more of a former lover than she did of him, although they had been married many years and raised children, and that it was dangerous for her to stay with him without the protection of their sons or some one else. In short, by his cruel and inhuman conduct, he forced her to live apart from him. The evidence of the plaintiff was incompetent to prove any transactions or communications had with the deceased, but it was admissible for other purposes, and its absence would have been seriously commented on; yet, as the question in dispute is fully established by other competent testimony, it becomes unnecessary to review her testimony, and strike

out such portions as are incompetent. The rule of this Court is that, where the competent evidence plainly sustains the decree, the incompetent evidence becomes unimportant. *Kimmel* v. *Shroyer*, 28 W. Va. 506; *Watkins* v. *Wortman*, 19 W. Va. 78.

The defendant is not an innocent purchaser, without knowledge of plaintiff's contingent right of dower, for he purchased at a judicial sale; and the fact that plaintiff was living separate and apart from her husband, and the causes thereof, were matters of common neighborhood rumor. So it must be presumed that he fully considered the matter at the time of his purchase, and therefore the payment of the dower is not an unexpected hardship upon him.

The decree, being plainly right, is affirmed.

---

# CHARLESTON.

REVERSAL—INCOMPETENT EVIDENCE.

> A decree appearing plainly right from the competent evidence in the case will not be reversed because of the admission of incompetent evidence.