# CHARLESTON.

## RIGHTER *et al.* v. RILEY *et al.*

Submitted September 7, 1896—Decided Dec. 5, 1896.

1. HUSBAND AND WIFE—STATUTE OF LIMITATIONS.
   The claim of a wife against her husband is not barred by the statute of limitations during coverture, if at all, until twenty years from the original inception or written renewal thereof.

2. COMMISSIONERS REPORTS.
   When a commissioner, to whom a case is referred for the purpose, reports the existence of certain facts, and there is no exception thereto, such facts will be accepted as fully established in the further progress of the suit.

3. HUSBAND AND WIFE—WIFE'S RIGHTS.
   Where it is clearly shown that a married woman holds a *bona fide* debt against her husband, she is entitled to the same legal rights as any other creditor, except as to remedy.

4. TRUSTEES—EQUITY.
   Equity will not interfere with a trustee in the proper discharge of the duties of his trust.

LEWIS C. LAWSON for appellants, cited Code, c. 74, ss. 1, 2; 4 W. Va. 56; 23 W. Va. 651; 38 W. Va. 248, 747, 753; 1 How. 316; 2 How. 611; 3 Bing. 329; 11 Eng. C. L. 126; 3 M. & W. 106; 4 Leigh, 519, 522; 9 Leigh, 381, 385; 1 Rich. 210; 1 Par. Con. (Ed. 1886) p. 434 (note u.); Sto. Con. § 466; 6 Johns Ch. Rep. 290; 60 Ala. 545; 8 Ala. 694; 2 Whar. 302; Bump. Fr. Conv. 55; 13 W. Va. 29, 730; 32 W. Va. 203, 447; 24 W. Va. 199, 405; 29 W. Va. 441; 30 W. Va. 554-6; 35 W. Va. 730.

HARVLY W. HARMER for appellees, cited 3 Am. & Eng. Enc. Law, p. 840; 41 W. Va. 376; 36 W. Va. 2, 77; 22 W. Va. 356, Syl. pt. 9; 2 Big. Fr. pp. 50, 206; 81 Va. 661; 76 Ind. 195; 129 U. S. 465; 13 W. Va. 730; 35 W. Va. 634; 34 Kan. 23.

DENT, JUDGE:

John B. Righter and others instituted their suit in chancery in the Circuit Court of Harrison county against Leonard C. Riley and others for the purpose of having postponed to the debts of all other creditors a debt of two thousand one hundred and six dollars secured to be paid to his wife, Margaret J. Riley *pro rata* with the debts of his general creditors, in an assignment of all his property for their benefit. After having referred the cause to a commissioner, on the coming in of his report without exception thereto, the court entered a final decree dismissing the bill at plaintiffs' costs. From this the plaintiffs appeal, assigning numerous unimportant errors, mainly dependent on the question as to whether the court erred in not holding the provision in the trust as to Margaret J. Riley fraudulent as to the other creditors. The commissioners' report finds the following facts as to the controverted debt, quoting his words: "My conclusion is that Martha J. Riley did advance to her husband, who at the time of their marriage had no property of any amount worth considering, sums, at different times from 1871 to 1873, aggregating about one thousand one hundred dollars, which she derived from her father's estate. * * * No note was taken at the time, and none asked for, for the reason, as stated by Mr. and Mrs. Riley in effect, if not in words, that Mrs. Riley insisted that her money be invested in lands, which was done, but the title thereto was taken in the name of the husband; and that, such being the case, she insisted that he give her a note for the sum so advanced, which he did in 1881, at a time when he was not embarrassed, or, if embarrassed, it is not shown." The note given on the 23d day of May, 1881, was for one thousand two hundred dollars, which was renewed on the 23d day of December, 1893 and then amounted to two thousand one hundred and six

dollars, which note was included in and secured by the deed of trust of the 1st day of August, 1895. It is admitted that these notes were never assessed, the excuse being that, as the money was invested in land, they did not consider they should pay taxes on it twice. The commissioner, after reciting these facts at length, and referring to authorities bearing on the dispute, concludes his report as follows: "In my judgment, therefore, the only matter of doubt about this note and its right to participate in the general distribution of the proceeds of the husband's land is the lapse of the two and a fraction years, between the 23d day of May, 1891, when the first note became barred, and the execution of the two thousand one hundred and six dollar note, December 23, 1893." The plaintiffs did not except to the facts as found by the commissioner's report, and although the commissioner adds, "I leave the whole matter with these cititions of authority for and against, to enable the court, in some sense, to come to a proper conclusion in regard to the note, and not to give either claimant or contestants any right to advantage or prejudice in the matter," the report must be taken to be true in so far as it states the facts or passes on the same. *Ward* v. *Ward*, 21 W. Va. 262; *Hutton* v. *Lockridge*, 22 W. Va. 159; *Kester* v. *Lyon*, 40 W. Va. 161 (20 S. E. 933); *Ward* v. *Ward's Heirs*, 40 W. Va. 612 (21 S. E. 746). The commissioner in his report, says that "certain exceptions were taken thereto while in my office, which exceptions are herewith returned and filed." But no exceptions appear in the record, and the court, in its final decree, recites that there was none which must be accepted as conclusive. *Arnold* v. *Slaughter* 36 W. Va. 590 (15 S. E. 250.)

This reduces the inquiry down to the questions of law arising on the commissioners' report. A wife's claim against her husband is not barred by the statute of limitations during coverture, if at all, unless twenty years have elapsed from the making or the renewal thereof. Section 16, chapter 104, of the Code. It is true that it is inadvertently admitted in the case of *Miller* v. *Cox*, 38 W. Va. 747 (18 S. E. 960) following the case of *Bank* v. *Atkinson*, 32 W. Va. 203 (9 S. E. 175) that married women are subject

to the statute of limitations to the same extent as if they were single. This, however, is a mistake. Owing to their coverture and their recognized subjection to the control of their husbands, they are especially exempted from the operation of the statute. Neither can they sue their husbands at law. *Bennett* v. *Bennett*, 37 W. Va. 396 (16 S. E. 638); *Roseberry* v. *Roseberry*, 27 W. Va. 759. Therefore, we must conclude that neither at the time of the execution of the note of 1881, or of the execution of the note of 1893, was the claim of Margaret J. Riley barred by the statute of limitations, but was at both periods a valid and subsisting demand against her husband. The first note was executed by the husband at a time when he was solvent, and none of the debts involved are shown to have existed at the time. The second is but a renewal of the first, with the interest added. The cases of *Miller* v. *Cox* and *Bank* v. *Atkinson* turned on the *laches* of the wives in failing to set up any claim against their husbands until they became hopelessly insolvent. They held no note nor other evidence of debt against them. In the case of *Bennett* v. *Bennett*, 37 W. Va. 400 (16 S. E. 640) Judge Brannon says: "The only question which creditors can ask is: Was there an honest debt due from husband to wife for her separate estate? If so, she has the same right as they. He can prefer her as well as any other creditor. If it is a just debt, a court of equity which fully recognizes that a husband may be debtor to his wife will not split hairs as to the form of the indebtedness." Also: "To establish a debt in favor of the wife against the husband, it must appear that it was received by the husband under an agreement to repay it to her, or to invest it for her use. If, without such agreement to pay or invest, he invests it in business, and afterwards executes a voluntary bill of sale to secure her, it will be fraudulent in law against existing creditors." A husband not indebted at the time can make a voluntary gift of property to his wife. *Bank* v. *Wilson*, 25 W. Va. 242. Such being the law, the one thousand and two hundred dollar note executed in 1881, although given for a claim barred by the statute of limitations, would be good as to debts long afterwards contracted.

The main reliance of the counsel for appellants is that

this note was barred in 1893, when the new note was executed. This, as before shown, is not the case. Counsel further insists that the evidence shows that the whole transaction was fraudulent. The commissioner does not so find, and there is no exception to his report. The court also held adversely as to the actual fraud, and this Court has repeatedly held that where the evidence is of a contradictory and uncertain character, so that it would lead different minds to different conclusions, the decree of the circuit court would not be disturbed. *Richardson* v. *Ralphsnyder*, 40 W. Va. 15 (20 S. E. 854.) The depositions of Fred Crim and B. F. Rector are excepted to in so far as they set out conversations at different times had with Margaret J. Riley, in which she claimed she had her husband's notes or a demand against him for her "maiden money," as she styled it, and also in so far as they stated that it was common neighborhood rumor that Leonard C. Riley had no property of his own at the time of his marriage. This evidence is proper for the purpose of rebutting the presumption of gift raised in favor of creditors against a wife, and tends to corroborate her evidence with regard to her claim. The evidence of neighborhood rumor tends in a slight degree to corroborate the positive statements of Leonard C. Riley as to his financial condition when he married, but, as this is not questioned, such evidence was really unnecessary, and, if improper, would not call for a reversal of the case. *Ball* v. *Stewart*, 41 W. Va. 654 (24 S. E. 632).

The decree for costs is not a personal decree against John B. Righter, but is against him as administrator of Peter B. Righter, deceased, and if it had been, it could have been corrected on motion as a mere clerical oversight, as John B. Righter did not originally bring suit, but was made a party on motion by reason of the death of Peter B. Righter during its progress, and therefore he could not, in any event, be made personally liable for the costs. Where the court enters a decree on a commissioners' report, while it is proper to do so, it is not necessarily required to confirm the report in so many words, as the decree does so in effect. There not having been alleged or shown any misconduct on the part of the trustee in the discharge of his trust, the

court committed no error in dissolving the injunction, and permitting him to proceed to discharge his duties as trustee, without itself taking charge of and administering the the trust. The decree of the court determines that there was no ground for equitable interference. The decree complained of is therefore affirmed.