# CHARLESTON·

WOODS *et al. v.* STEVENSON.

Submitted January 15, 1897—Decided March 20, 1897.

1. HARMLESS ERROR—*Incompetent Testimony—Reversal.*
     Where a decree is plainly right, the failure of the circuit court to dispose of exceptions to incompetent testimony is not sufficient to cause the reversal thereof.   (p. 151.)

2. COSTS.
     Costs should usually be decreed to the party substantially prevailing.   (p. 152.)

3. SPECIFIC PERFORMANCE—*Parol Contract—Possession.*
     Possession, to entitle a person to specific execution of a parol contract, must be actual, notorious, and exclusive. (p. 152.)

4. STATUTE OF LIMITATIONS—*Trusts—Laches.*
     Express trusts, cognizable only in equity, are alone free from limitation created by *laches* or statute.  All other trusts, whether legal or equitable, are either subject to the statute of limitations or liable to be barred by laches.   (p. 152.)

5. RESULTING TRUST—*Specific Performance—Laches.*
     Where a period of forty years has been allowed to elapse since an alleged resulting trust was created, and the plaintiffs and those under whom they claim have not had that actual, notorious, and exclusive possession which would entitle them to specific performance, a court of equity will refuse relief as against one who denies such resulting trust, and relies on the bar of *laches.*   (p. 152.)

Appeal from Circuit Court, Clay county.

Suit by William N. Woods and others against Madison Stephenson.   Decree for defendant, and plaintiffs appeal.

*Affirmed.*

ANDREWS & ARMSTRONG for appellants.

W. E. R. BYRNE for appellee.

DENT, JUDGE:

William N. Woods *et al.*, heirs at law of Campbell Woods, deceased, on the first Monday of March, 1895, filed their bill in chancery in the Circuit Court of Clay county, against Madison Stephenson, seeking specific performance of a certain alleged contract with regard to a certain tract of one hundred and sixty acres of land, known as the "David McColgin Land," the title of which was in the defendant in part, if not entirely. The bill alleges that this land was purchased in partnership by the said Campbell Woods, deceased, and Madison Stephenson, in the year 1854, and the title therefor taken in the name of the latter, until they could agree upon and fix a division line between them, when the said Stephenson was to make conveyance to Woods of his portion; that each took possession of that portion of the land which adjoined their respective adjacent and contiguous lands; that Woods inclosed a part thereof "with fence, and has had the same in actual and constant possession and under cultivation for about 25 years, with the full knowledge, consent, and approval of the said Stephenson"; "that the said Campbell Woods and the said M. Stephenson were brothers-in-law, and the said contract between them was verbal, but plaintiffs here specifically charge that the said Woods, on his part, executed the said contract. He paid the one-half of the purchase money. The said Stephenson gave him possession of the land, and he put valuable improvements thereon, but plaintiffs charge that, after the death of their father, the said Campbell Woods, the said M. Stephenson, supposing that the evidence of their contract was beyond the reach of these plaintiffs, refused to execute to them a deed for the one-half of said land, and has recently begun to exercise acts of ownership and control over that portion which belongs to and should be conveyed by him to these plaintiffs; and he now denies being under any obligation to execute any deed for the said land, and refuses to do so." No excuse is given why said land was not divided in the lifetime of Campbell Woods, who died in the year 1887. Plaintiffs further

charge that, since the death of Woods, Stephenson has committed waste on the Woods portion of the land to the amount of four hundred dollars, by cutting and removing the timber therefrom. They pray specific performance by a division of the land, and the ascertainment of their damages by reason of waste committed. Stephenson filed his answer, denying all the material allegations of the bill, and further setting up that at one time he agreed to let Woods have a certain portion of the land upon certain terms and conditions, with which Woods failed to comply, and afterwards abandoned any intention of purchasing; that about thirty acres of the same land were covered by Woods' title from other parties, to which respondent had long since abandoned all claim to said Woods, who had complete control and possession thereof, for which, to show his sincerity, he filed a quit-claim deed. Respondent further alleges that the original claim of said Woods to said land, outside of the portion covered by his title papers, if any ever existed, was long since abandoned, and is now barred by laches and lapse of time, and that respondent has had open and notorious possession of all of said land, except as aforesaid, and paid the taxes thereon, for the period of forty years prior to the institution of this suit. Plaintiffs replied generally. Numerous depositions were taken by both parties, which consist to a great extent of mere hearsay testimony. Many exceptions were reserved on both sides during the taking of the depositions, but none of them were brought expressly to the attention of the circuit court. The final decree was in favor of the respondent. Plaintiffs appeal, and rely on three assignments of error: (1) Failure to pass on the exceptions to the testimony; (2) in decreeing costs in favor of defendant; (3) in refusing the relief prayed, and dismissing the bill.

As to the first point, the law has been settled that the admission of incompetent evidence will not defeat a decree which is plainly right. *Ball* v. *Stewart*, 41 W. Va. 654 (24 S. E. 632).

The second assignment is based on the theory that, because the respondent filed a quit-claim deed as to part of the McColgan land; this must be construed into an admission of the right of the plaintiffs to maintain their suit.

The land, however, covered by the quitclaim deed, was in no wise in dispute, but the plaintiffs already had indefeasible title to the same, and respondent only filed the quitclaim deed out of abundant precaution, to show that he did not even pretend to claim the land. The quitclaim deed neither added to nor took from plaintiff's already undisputed title, and hence the question of costs was properly settled.

On the merits of the case, as to the possession necessary to enable the court to decree specific performance, plaintiffs fail to come within the rule established in the case of *Miller* v. *Lorentz*, 39 W. Va. 160 (19 S. E. 391), wherein it is held that possession, to justify specific performance, must be actual, notorious, and exclusive. No such possession is shown either in the ancestor or the heirs, plaintiffs in this case. On the contrary, the possession appears to have been at the time of the institution of this suit, and for some time prior thereto, in the respondent, but never actually, exclusively, and notoriously in the plaintiffs or their ancestor. Nor do the proofs establish an express trust, so as to bring it within the rule given in the case of *Gapen* v. *Gapen*, 41 W. Va. 422 (23 S. E. 579). But the most that the plaintiffs have to rely upon is an alleged resulting trust arising out of the claim that the land was purchased in partnership, and the title temporarily taken in the name of one of the partners, for the benefit of both. There is evidence which tends to establish such to have been the original transaction, but this is rebutted by respondent's evidence, sustained by long lapse of time, to wit: over forty years. "Implied, resulting, and constructive trusts come under the statute." See opinion of JUDGE BRANNON in *Gapen* v. *Gapen*, cited; also *Thompson* v. *Iron Co.*, 41 W. Va. 574 (23 S. E. 795). Whatever may have been the original rights of the parties, there has been gross laches in this case, even admitting the pretentions of plaintiffs to be true. So great has this been, that it would be wholly impossible for a court of equity to reach a conclusion that would satisfy conscience, and therefore it cannot do otherwise than leave the parties in the condition that their own neglect has placed them. In the case of *Bill* v. *Schilling*, 39 W. Va. 108 (19 S. E. 514), this Court held that "a court of equity, which is never active in relief

against stale demands, will always refuse relief where the party has slept upon his right, and acquiesced for a great length of time. Nothing can call into activity this Court but conscience, good faith, and reasonable diligence. Where these are wanting, the court is passive, and does nothing." *Trader* v. *Jarvis*, 23 W. Va. 100; *Whitaker* v. *Improvement Co.*, 34 W. Va. 229 (12 S. E. 507); *Thompson* v. *Iron Co.*, 41 W. Va. 574 (23 S. E. 795); *Curlett* v. *Newman*, 30 W. Va. 182, (3 S. E. 578); *Pusey* v. *Gardner*, 21 W. Va. 470; *Hale* v. *Cole*, 31 W. Va. 585 (8 S. E. 516); *Gallagher* v. *Gallagher*, 31 W. Va. 9 (5 S. E. 297). Equity never executes doubtful contracts, unsustained by a clear preponderance of testimony, after an unexplained lapse of time. If the plaintiffs have lost the land in controversy, it is chargeable to the laches of themselves and their ancestor. For the foregoing reasons, the decree is affirmed.

*Affirmed.*