# CHARLESTON.

CRUMRINE et als. v. CRUMRINE et al.

Submitted June 6, 1901. Decided November 23, 1901.

1. WIFE'S FUNDS—*Husband Invests—Presumption.*
   Where a husband receives funds belonging to his wife and with her knowledge and consent invests it in real estate in his own name, the law raises a *prima facie* presumption of a gift. (p. 228).

2. INFANT'S FUNDS INVESTED—*Express trust.*
   When a father receives funds in trust for his children and invests them in real estate for their benefit, although he takes the title in his own name, he thereby creates an express trust in their behalf which a court of equity will enforce. (p. 228).

3. LANDS TREATED AS FUND—*In Express Trust.*
   When funds are received in express trust in the lands in which thy are invested will be regarded as held under the same character of trust, being a substitute for the funds. (p. 229).

Appeal from Circuit Court, Wood County.

Bill by Lorama Crumrine and another against Gussie M. Crumrine and others. Decree for plaintiffs, and defendants appeal.

*Affirmed.*

SHERMAN ROBINSON, B. F. AYERS, and MATHENY & PEDIGO, for appellants.

J. V. BLAIR and M. K. DUTY, for appellees.

DENT, JUDGE:

Lorama Crumrine, now Lorama Duty, and John C. Crumrine, children of J. B. Crumrine and Jennie L. Crumrine, deceased, filed their bills in chancery in the circuit court of Ritchie County against Gussie M. Crumrine, widow of J. B. Crumrine, deceased, and her infant children, Jennie H. Crumrine and George Crumrine, and others, for the purpose of having four certain properties, to-wit: a tract of eighty-five and one-half acres, another tract of one hundred acres; a lot of one and one-fourth acres and another lot of one acre, of which their father, J. B. Crumrine, died seized and possessed, to be declared to be held in

trust in favor of the plaintiffs. The circuit court decreed on final hearing of the cause that the one acre lot and the one hundred acre tract of land were so held in trust, but dismissed the bill as to the other two tracts.

The defendants appeal, and insist that the decree should have dismissed the bill without any relief to the plaintiffs. The plaintiffs now here admit that the decree is right as to the eighty-five and one-half acre tract, insist that it is right as to the one hundred acre tract and the one and one-fourth acre tract, but wrong as to the acre tract, which they claim should have also been decreed to them. This puts the eighty-five and one-half acre tract entirely out of the consideration in this case.

The one and one-fourth acres was purchased in 1872, and from the evidence it appears to have been paid for from money advanced to Jennie L. Crumrine shortly after her marriage by her father, John Collins. She willingly turned the money over to her husband and he used it in paying for the property and took the deed in his own name. But the facts and circumstances indicate that it was with her knowledge and consent. Hence a *prima facie* presumption of a gift arises which the testimony has failed to overcome. Her confidence and trust in her husband at that time seem to have been perfect, without a cloud to darken the sky of their matrimonial happiness. There is no doubt but what she gave him the money with full faith in his proper disposition thereof for their comfort and felicity. She had no forebodings at this time as to the future. If she could have lifted the veil and have foreseen another in the full enjoyment of her rights and position the natural jealousy of the human heart might have caused her to have made a different disposition of her patrimony, but an all-wise Providence for his all-wise purposes has seen fit to make of us short sighted creatures with sanguine hopes as to the length of our days, which may be few in number and full of trouble. The circuit court committed no error as to this lot. *Berry* v. *Weidman et al.,* 40 W. Va. 36; 14 Am. & En. En. Law. 580.

The conclusion reached by the circuit court as to the other two lots appears to have been fully justified by the evidence.

Mrs. Jennie L. Crumrine sold and conveyed her interest in her father's estate to her brother Creed Collins on the 1st day of January, 1874, for the sum of six thousand dollars, for which he gave his note payable to J. B. Crumrine and wife. Prior to her

death which occurred on the 21st of January, 1876, the following payments had been made on such note to her husband with undoubtedly her knowledge and consent, to-wit, January 5, 1875, one thousand four hundred and fifty-nine dollars and twenty-four cents, April 8, 1875, five hundred dollars, April 16, 1875, twenty-nine dollars and eleven cents. After her death, to-wit: on the 19th day of April, 1879, he was paid the balance due, four thousand six hundred and forty-one dollars and forty-seven cents.

At common law a husband being bound to support his wife, was entitled to all her property if it could be reduced to his possession during coverture. This has been changed by statute so that now she receives all her property from whatever source free and acquit from the control and disposal of her husband or liability for his debts. This, however, does not take away from her the right to make gifts to her husband, nor was it intended to destroy the mutual confidence and trust that should always exist between man and wife, but it was to enable her to have untrammelled disposition of her own property free from his compulsion. As to moneys received by him prior to her death the facts and circumstances, including her knowledge and consent raise a *prima facie* presumption of gift which the evidence is insufficient to rebut. What her purpose and intention may have been as to the remainder of the money when received was terminated by her death, and although she permitted the note to be made to herself and husband, yet this was undoubtedly done in the expectation that they would both live to receive payment and enjoyment of the amount. The evidence shows that J. B. Crumrine perfectly understood the matter, and received the money in trust for the benefit of her children. By inheritance he was entitled to the one-third thereof, and the plaintiffs each to one-third. As to the hundred acre tract there can be no question, for he acknowledged at various times that the children's money purchased it, and he intended it for them, thus plainly creating an express trust therein for their benefit. As to the acre lot it is also shown that it was paid for with the money coming from his wife's estate. But it is argued that this may have been his own share that he invested therein, and that he used his children's portion in defraying the expense of his family or squandered and wasted it. The law never presumes a trustee guilty of a breach of trust, but always throws around him, if possible,

the presumption of honesty in all his dealings. It would there-fore raise the presumption in his favor that in the discharge of his trust he invested his children's portion in the property where it would be held safe for them, and that he otherwise used his own share as he had the right to do. To destroy this presumption and injure the reputation of the deceased devolves on those who would profit thereby. While counsel in argument would impeach the reputation for integrity of the deceased, neither the law nor the evidence sustains their contention. He received the money in trust for his children, invested for their benefit, though taking title in his own name, and always acknowledged and never denied the trust. In such a case it is not necessary to raise an implied trust, but the trust is made express by the admissions of the trustee. To such a trust the statute of limitations would not apply until the trust was denied by the trustee or until his death. *Wood* v. *Stevenson,* 43 W. Va. 149. If the trustee put improvements on the property with his own funds and thus commingled his funds with those of his children, it devolves upon those claiming adversely to show this fact and separate the funds. *Webb* v. *Bailey,* 41 W. Va. 468.

The plaintiffs being entitled to the property at the death of their father are entitled to the rents and profits since accruing.

A careful consideration of the record in this case leads to the conclusion that the circuit cour reached a determination just and fair to all the parties in interest and one well worthy of compliment.

The decree is therefore affirmed.

*Affirmed.*