F. C. RINE *v.* M. F. COMPTON *et al.*

(No. 7983)

Submitted September 12, 1934. Decided October 2, 1934.

*Everett F. Moore,* for appellants.
*Martin Brown,* for appellee.

MAXWELL, JUDGE:

The circuit court of Marshall County, in passing upon the validity of six certain transfers, alleged to have been voluntary, or made for the purpose óf creating a preference, or fraudulent, cancelled three of the conveyances designated herein as Items "B", "C", and "D", and refused to cancel Items "A", "E", and "F". It is from that portion of the court's order decreeing a cancellation of "C" and "D", that A. Fillmore Compton and Howard Booher were granted an appeal.

M. F. Compton and Mary N. Compton are father and mother of Henry T. Compton and A. Fillmore Compton. The first three named live in Moundsville and A. Fillmore and Howard Booher, appellants, reside at Warren, Ohio. The latter has been an intimate friend of the Compton family for many years and a lifelong associate of Fillmore.

M. F. Compton and Henry T. Compton were partners in the garage business, under the firm name of Compton Motor Company, in the city of Moundsville. They borrowed from the plaintiff $4,150.00 in 1929. No part of said debt being paid, he made demand in the spring of 1931 upon M. F. Compton and Henry T. Compton for the re-payment of his loan, which at that time amounted to $4,365.00.

Rine, not receiving prompt payment of his debt, and being advised that M. F. Compton and H. T. Compton had given a deed of trust upon the personal property used in connection with the garage business (more particularly shown hereinafter as Item "A"), threatened to bring suit to enforce his claim. Upon the promise of the Comptons to make a partial payment of the debt and amply secure the balance, Rine was subsequently induced to forebear bringing suit. On April 28, 1931, M. F. Compton and Henry T. Compton paid to Rine $705.00 and gave their new note for the residue of $3,660.00— Mary N. Compton becoming a joint maker with them.

Plaintiff instituted this suit December 15, 1931, for the purpose of enforcing payment of his debt, and prayed

that the several conveyances hereinafter described be set aside, cancelled, and held for naught in so far as they affect plaintiff's interests; and that the property embraced in said deeds and deeds of trust be sold under a decree of the court and the proceeds distributed pro rata among all the creditors of M. F. Compton, Henry T. Compton and Mary N. Compton.

Following are the transfers and conveyances, set forth in chronological order, attacked by plaintiff in this suit and which he sought to have cancelled:

*Item "C"*. A deed dated October 22, 1930, from M. F. and Mary N. Compton, his wife, to A. Fillmore Compton, conveying the "Seventh Street" property in the City of Moundsville for "two thousand dollars and divers other valuable considerations, receipt of which is hereby acknowledged."

*Item "D"*. A deed of trust dated January 14, 1931, from A. Fillmore Compton and Evangeline H. Compton, his wife, to W. W. Stidger, trustee, conveying the "Seventh Street" property described in Item "C" in trust to secure Howard Booher in the payment of a note of even date for the sum of $1,200.00 and signed by A. Fillmore Compton and Evangeline H. Compton.

*Item "A"*. A deed of trust dated April 14, 1931, from M. F. Compton and H. T. Compton to S. W. Booher, trustee, conveying certain personal property, in trust, to secure Mary N. Compton in the payment of a note of $8,000.00 of even date therewith, signed Compton Motor Company, by M. F. Compton and H. T. Compton.

*Item "F"*. A deed of trust dated April 27, 1931, from M. F. Compton and Mary N. Compton to S. W. Booher, trustee, conveying three certain parcels of land in the City of Moundsville to secure Ohio Valley Finance Company in the payment of a note of even date calling for the sum of $10,000.00 and signed by M. F. Compton.

*Item "B"*. A deed dated October 30, 1931, from Mary N. Compton and M. F. Compton, her husband, to Howard Booher and A. Fillmore Compton, conveying a 54.244-acre tract of land situate in Marshall County, for "five dollars and other good and valuable considerations paid to Mary N. Compton."

*Item "E".* A deed of trust, dated November 6, 1931, from Mary N. Compton and M. F. Compton, her husband, to Walter A. McGlumphy, trustee, conveying 96 acres in Marshall County in trust to secure Mercantile Banking & Trust Company in the payment of a note of even date, for the sum of $19,145.00, and signed by M. F. Compton, H. T. Compton and Mary N. Compton.

All of the above described instruments of conveyance were duly and promptly placed of record.

As the basis of plaintiff's attack on the several transfers and conveyances just enumerated, he alleged that Item "C" was voluntary and without consideration, and made with intent to hinder, delay and defraud, of which A. Fillmore Compton had notice; that "D" was made with intent to hinder, delay and defraud the creditors of M. F. Compton and that Howard Booher and W. W. Stidger had notice; that "A" was false, fraudulent, and without consideration; that "F" was fraudulent and created a preference; that "B" was voluntary and fraudulent, and that Howard Booher and A. Fillmore Compton had notice; and that "E" was made for the purpose of creating a preference. Plaintiff also alleged generally the insolvency of M. F. Compton, Henry T. Compton and Mary N. Compton.

The circuit court decreed that Item "C" was a "voluntary conveyance, made without adequate consideration, and is void and fraudulent, and the same hereby is set aside and held for naught"; that Item "D" was "voluntary, without consideration, fraudulent and void, and that the same hereby is set aside and held for naught"; that Item "B" was "voluntary, without valid consideration, and fraudulent, and the same hereby is set aside and held for naught"; that Items "A", "E" and "F" were valid conveyances and should not be set aside as prayed for in plaintiff's bill of complaint; and that M. F. Compton and Henry T. Compton were insolvent and Mary N. Compton was solvent.

It is from the court's action with respect to Items "C" and "D" that A. Fillmore Compton, grantee in the deed

Item "C", and Howard Booher, beneficiary under the deed of trust Item "D", prosecute this appeal.

It will be observed that the original indebtedness to Rine from M. F. Compton and Henry T. Compton was contracted, prior to the execution of either of the conveyances "C" or "D"; and further that both conveyances "C" and "D" were executed and duly placed of record prior to the partial settlement of April 28, 1931, and the giving of the note of $3,660.00, signed by M. F. Compton, Henry T. Compton and Mary N. Compton, which was the basis of plaintiff's suit.

Appellants first contend that plaintiff was charged with notice of the conveyances "C" and "D"; that his acceptance of part payment of his debt and the new note on April 28, 1931, six months after conveyance "C" and three months after conveyance "D", agreeing to extend the time thereby for payment, and the further fact of his forebearance to sue, all amounted to acquiescence and assent to the conveyances "C" and "D"; and that because of such knowledge and consent Rine is estopped to attack said conveyances on the ground of fraud.

It is also urged by appellants that plaintiff's debt in suit was contracted on April 28, 1931, (the date of the giving of the note for $3,660.00), and that therefore Rine is a subsequent creditor with notice of said prior conveyances.

Another proposition relied on by appellants in support of the validity and bona fides of the two conveyances "C" and "D" is that they were supported by valuable and adequate consideration; that appellants were without knowledge of any fraud or circumstance impeaching or rendering defective the title to the real estate involved in said conveyances.

We do not adhere to appellants' first proposition as being sound. M. F. Compton and Henry T. Compton became indebted to plaintiff in the year 1929 in the amount of $4,150.00. The amount of that debt was not reduced, but in fact increased until 1931, when it totaled $4,365.00, of which amount $705.00 was paid and the residue of $3,660.00 renewed as to M. F. Compton and Henry T.

Compton by their executing a note for said amount, dated April 28, 1931.

With relation to M. F. Compton and Henry T. Compton, debtors, and F. C. Rine, creditor, this was a continuing obligation, contracted prior to and existing at the time conveyances "C" and "D" were executed. Basically, it has remained the same debt throughout. No new nor additional consideration passed. The only changes were that there was a credit on the original note, and Mary N. Compton became a co-maker on the note given for the balance of the debt. The conduct of plaintiff, in accepting part payment and a new note for the balance and his temporary forbearance to sue, was not such as to constitute a waiver of his right to come into a court of equity for the purpose of having his debt adjudicated a charge upon the property involved in conveyances "C" and "D", if it be ascertained that said conveyances were prejudicial to his interests, fraudulent or voluntary; nor was such conduct equivalent to consent. His acceptance of the new note did not involve even an implied affirmance of either the deed or the deed of trust now assailed, nor did it connote any inconsistency with his present course.

The record does not disclose that plaintiff had actual knowledge of transfers "C" and "D" or that he received any benefit under the said conveyances, or that the appellants were influenced in any way by the acts of plaintiff. The situation therefore does not come within the general rule that where one has knowingly received benefit from a transaction he may not attack it as fraudulent. 27 Corpus Juris, p. 481. "Where the complainant in a suit to set aside a voluntary or fraudulent conveyance has not sought or received any benefit from the conveyance, or caused the defendant to forego any rightful advantage in respect to the subject matter or defense of the suit, he is not estopped to invoke relief." 1 Moore on Fraudulent Conveyances, page 209. If there is inconsistency between two courses and a creditor makes his election, he is bound by it. Wait's Fraudulent Conveyances, (3rd Ed.) sec. 67. If there is no inconsistency, his at-

tempt of one course will not preclude his pursuit of another.

In respect of the conveyance of October 22, 1930, (Item "C") the indices of a fraudulent plan between M. F. Compton and A. Fillmore Compton are so manifold that we think the circuit court was without error in cancelling this conveyance as a fraud on the rights of creditors. The value of this property as of the time of the said conveyance is variously estimated at from $4,500.00 to $9,000.00. M. F. Compton himself testified that in his opinion the property was worth from $8,000.00 to $9,-000.00. The amount claimed to have been paid by the younger Compton to his father for the property, or rather the amount of the obligation assumed by the son for his father, was $3,300.00. The $1,200.00 procured by Fillmore from Booher in January, 1931, for the benefit of the elder Compton cannot be deemed a part of the consideration for the deed of October, 1930. They are separate matters entirely. The disproportion between $3,-300.00 and $8,000.00 or $9,000.00 is manifest.

If, as contended by Fillmore, his object in obtaining the deed from his father was to protect himself on account of the obligation ($3,300.00) which he was then assuming, we are impressed that if he had taken a deed of trust on the property to secure said amount only, the good faith of the transaction would have been much more evident than appears from the fact that to protect his $3,300.00 investment he received a deed of outright conveyance of property worth much in excess of the amount of the debt. The close relationship of the parties must not be overlooked. This is not a badge of fraud but it creates a situation wherein less proof of fraud may be required than where close relationship does not exist. *Kesling* v. *Mick*, 103 W. Va. 485, 138 S. E. 386. And, again, since the date of the conveyance, the grantors have remained in possession of the property without paying rent. Such fact is usually considered a strong index of fraud. Hogg's Eq. Principles, sec. 188.

With reference to the deed of trust of January 14, 1931, A. Fillmore Compton and wife to W. W. Stidger,

trustee, to secure Howard Booher $1,200.00, the taint which enters into the conveyance just discussed obtains as to A. Fillmore Compton; but inasmuch as the record does not disclose that Booher, beneficiary under said trust, knew of the fraudulent arrangement between A. Fillmore Compton and his father, and in nowise participated in any fraudulent design, but in good faith loaned to A. Fillmore Compton in January, 1931, the sum of $1,200.00, his right must be protected in the determination of this controversy. By the terms of the statute itself a fraudulent conveyance "shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor." Code 1931, 40-1-1.

The fact that Mary N. Compton is a co-obligor on said note does not affect the right of the plaintiff to attack the conveyances of the properties of M. F. Compton and A. Fillmore Compton as fraudulent. While there is authority that where there are co-obligors, a creditor, before he may attack the fraudulent conveyances of one of them, must exhaust his legal remedies against the others (12 Ruling Case Law, page 637), we are impressed that the sound rule is that equity imposes no such requirement on the creditor, and that under our statute the owner of a debt against several may maintain a bill to set aside a fraudulent conveyance of property by one of them before exhausting legal remedies against the others. *Clarkson* v. *Dunning,* 4 N. Y. Supp. 430; 27 Corpus Juris, p. 746, sec. 617; *Dalton* v. *Barron,* (Mo.) 239 S. W. 97, 22 A.L.R. 187. Such requirement would place a premium on fraud in that the debtor by fraudulently conveying his property could cast upon his co-obligors the burden of discharging the debt. It is equally true that where a debtor fraudulently conveys away a part of his property a creditor is not required to proceed against the remaining property before attacking the fraudulent conveyance, because such requirement would permit the debtor by his fraudulent conduct to specify the property which should be last subjected to the payment of his debts. *Dalton* v. *Barron,*

*supra; Halfpenny* v. *Tate,* 65 W. Va. 296, 64 S. E. 28.

The question of marshalling of assets in respect of the claim of the plaintiff, wherein he has a right against Mary N. Compton by reason of her signature on the note of April 28, 1931, as well as his right against the original debtors, M. F. Compton and Henry T. Compton, is not raised by the pleadings. That question is therefore left open for consideration if and when the same may be raised.

It follows that the deed of October 22, 1930, from M. F. Compton and wife to A. Fillmore Compton must be set aside as a fraud against the creditors of M. F. Compton, except in so far as the said deed affords title basis for the deed of trust of January 14, 1931; and that the said deed of trust be not cancelled, but that it remain as a security for the $1,200.00 debt of Booher; and that the equity of redemption, or surplus remaining after sale, if there be a sale and surplus, be held for the benefit of the creditors of M. F. Compton.

For the reasons set forth the decree of the circuit court of Marshall County will be modified to conform with this opinion, and, as modified, will be affirmed.

*Modified and affirmed.*