F. C. RINE *v.* M. F. COMPTON *et al.*

(No. 8425)

Submitted September 22, 1936. Decided October 13, 1936.

*Charles E. Carrigan, Clinton Rogerson,* and *Lloyd Arnold,* for appellant.

*James T. Miller, Martin Brown, Everett F. Moore,* and *Walter A. McGlumphy,* for appellees.

WOODS, JUDGE:

Evan G. Roberts, who had, on November 12, 1931, obtained and docketed a judgment against M. F. Compton, complains of the action taken by the circuit court of Marshall County on March 16, 1936, in the cause of *F. C. Rine* v. *M. F. Compton, et al.,* sustaining certain exceptions to the commissioner's report in reference to, and refusing to recognize, said judgment lien. The foregoing suit was instituted by Rine on December 15, 1931, for the purpose of establishing an obligation claimed to be due from Compton, and having certain conveyances, including Item "C", set aside, cancelled and held for naught, the property involved therein sold, and the proceeds distributed *pro rata* among those creditors of Compton who would come in and share in the costs. Roberts, who was not made a party to the suit, claims to have had no notice thereof until after publication of notice calling for a convention of creditors.

In an order entered March 14, 1934, the circuit court held that the transfer of Item "C" to A. Fillmore Compton, son of M. F. Compton, bearing date October 22, 1930, "is a voluntary conveyance, made without adequate consideration, and is void and fraudulent as to the plaintiff as charged in said bill of complaint, and should be set aside," and then adjudged and ordered that the same be set aside and held for naught, "but so far only as the said

debt and demand of the said F. C. Rine, plaintiff, is concerned." Provision was also made therein for reference to a commissioner to ascertain the liens, amounts and priorities, etc. From the foregoing decree, one Howard Booher, beneficiary under a certain deed of trust executed by A. Fillmore Compton, on Item "C", to secure a $1,-200.00 debt in the former's favor, took an appeal on the ground that he was an innocent purchaser for value. And on October 2, 1934, this Court held that the deed of October 22, 1930, must be set aside as a fraud against the creditors, except in so far as it affords title basis for the deed of trust in favor of Booher; and further that the equity of redemption, or surplus remaining after sale, if there be a sale and surplus, be held for the benefit of the creditors of M. F. Compton. *Rine* v. *Compton*, 115 W. Va. 379, 176 S. E. 429, 431.

The circuit court, upon receipt of the mandate of this Court, re-referred the cause to one of the commissioners in chancery, in accordance with its former order. The usual notice to creditors was given, and on January 3, 1935, Evan G. Roberts, the appellant herein, appeared before the commissioner and presented an abstract of judgment, which, as heretofore mentioned, had been secured and docketed on November 12, 1931; he also testified that no part of the judgment or costs mentioned therein had been paid. The commissioner in determining the priorities of claims against Item "C", placed Booher's claim first; Roberts' judgment second; and Rine's judgment (which dated from institution of the suit, to-wit, December 15, 1931) third. Rine filed exceptions to the foregoing report, on the ground that the decree of the circuit court, which had been appealed from, merely set the conveyance aside as to him. The circuit court, on March 16, 1936, sustained Rine's exceptions, and adjudged that the second lien against said parcel of real estate is the judgment of Rine; "and that there are no other judgment liens against the said part of lot * * * for the reason that the decree entered in this

cause cancelled the said deed as to the claim and demand of the said plaintiff, F. C. Rine, and not otherwise."

Roberts takes the position that although Rine, who has successfully attacked as fraudulent the transfer by Compton of Item "C", is entitled to a preference in the payment of his debt out of the surplus, if there be a surplus after the satisfaction of Booher's claim, that such preference may not be asserted to the exclusion of his (Roberts') judgment lien; citing, among others, the case of *Foley* v. *Ruley*, 50 W. Va. 158, 40 S. E. 382, 55 L. R. A. 916.

Rine challenges the foregoing proposition. He insists that it was incumbent upon Roberts to establish by proper pleading and proof either that his judgment was based on an obligation antedating the transfer, or that the said transfer was made in fraud of subsequent creditors, and that he has done neither. Aside from the procedural question involved, let us consider for the moment just what proof is necessary to support Roberts' claim. It is apparent that the record is silent as to the date that the obligation was incurred upon which the judgment is bottomed. So we must agree that Roberts is not a prior creditor. And this brings us to the question as to the standing of a subsequent creditor. "The prevailing opinion is that if it be shown that there was *mala fides* or fraud in fact, in the transaction, whether the actual fraudulent intent relates to existing creditors, or is directed exclusively against subsequent creditors, the effect is precisely the same, and subsequent crditors may on the strength of such fraud, successfully impeach the conveyance." 12 R. C. L. 495-6, Sec. 27.

While a conveyance may not be set aside, at instance of a subsequent creditor, under Code 1931, 40-1-3, simply because voluntary, our Court has held that it may be set aside, under Code 1931, 40-1-1, upon a showing that it was made with intent on the part of the grantor to defraud his creditors. *Bankhead* v. *Baughman*, 115 W. Va. 483, 176 S. E. 854; *Graham Grocery Company* v. *Chase*, 75 W. Va. 775, 84 S. E. 785. In the last-cited

case, the claim of a subsequent creditor was upheld on proof that the conveyance had been made for the purpose of defrauding prior creditors. On page 779 of the opinion, this Court voices the general rule, in the following language:

"To obtain relief from the conveyance and charge their debts on the property, it was incumbent upon the subsequent creditors to establish actual fraud therein; but proof of intent, in the making of the deed, to defraud existing creditors vitiates it as to subsequent creditors. * * * The general declaration is that fraud in the transaction, any fraud, fraud on the part of the grantor alone, vitiates, and the only limitation upon its operation is the saving in favor of purchasers for value and without notice of the fraud. * * * If, in addition to lack of consideration for the conveyance, there was intent on the part of the grantor to defraud his creditors, it is not merely voluntary. *It is fraudulent as well as voluntary, and, therefore, falls under the condemnation of section 1, chapter 74* [Code 1931, 40-1-1], *and is void as to all creditors, subsequent as well as existing, unless the grantee is a purchaser for value and without notice of the fraud.*"

As appears from the record, the conveyance in question was not set aside merely because voluntary, and without adequate consideration, but also because it had been made with intent to defraud a prior creditor, namely, F. C. Rine. This Court, on the former appeal, made the following pertinent remark: "In respect of the conveyance of October 22, 1930 (Item "C") the indices of a fraudulent plan between M. F. Compton and A. Fillmore Compton are so manifold that we think the circuit court was without error in cancelling this conveyance as a fraud on the rights of creditors." *Rine* v. *Compton, supra*. So, under our decisions, it is quite clear that the

conveyance was void not only as to Rine, but as to such other creditors, prior or subsequent, as should come in before distribution of proceeds of sale, declare their willingness to contribute to the costs of the suit, and prove their claims.

Roberts, as mentioned elsewhere in this opinion, presented an abstract of his judgment, properly authenticated, and testified that the same was unsatisfied. Rine seems to have made no point in his exceptions to the commissioner's report regarding any insufficiency in the proof of Roberts' judgment. The decree of the circuit court which was here on the former appeal provided for a reference, and on the remand, the circuit court provided that a reference be had in accordance with its former order. Roberts came in and proved his judgment.

While we have held that a convention of creditors is not necessary in such cases (*Wilt* v. *Shaffer*, 117 W. Va. 291, 185 S. E. 237; *Rinehart* v. *Hall*, 117 W. Va. 383, 185 S. E. 561), in view of the reference, we see no necessity for Roberts to come in by petition. Upon the convention of creditors he stands in the same position that he would in a judgment creditor's suit.

The decree of the circuit court is reversed and the cause remanded for further proceedings in accordance with the principles enunciated in this opinion.

*Reversed and remanded.*