H. O. Nichols, *et al v.* Charles M. Huffman, *et al.*

(No. 8809)

Submitted October 17, 1939. Decided November 21, 1939.

*Amos & Amos,* for appellees.

MAXWELL, JUDGE:

From a decree setting aside a deed as a preference the grantee has appealed.

The plaintiffs are H. O. Nichols, W. F. Hawkins and R. Nichols, partners trading under the firm name of R. Nichols Lumber Company. The defendants originally named are Charles M. Huffman, Ada R. Huffman, his wife, and Victorena Keener in her own right. The last named defendant, by petition, also came into the suit as committee for her insane husband, Ezra T. Keener.

Victorena Keener is the mother of Ada Huffman. In 1931, the Huffmans borrowed of Mrs. Keener, committee, $500.00 to be used in the erection of a dwelling on a farm owned by Charles M. Huffman in Marion County. A note was then given by the borrowers to the lender.

In the process of constructing the house, the Huffmans purchased building material from the plaintiffs and paid in part therefor with some of the money which they had obtained from Mrs. Keener. Also, they gave their note for $200.00 to the plaintiffs.

On June 17, 1935, the Huffmans executed a deed to Victorena Keener for the farm mentioned. Admittedly, this conveyance was made as a means of discharging the stated indebtedness owing by the grantors to the grantee as committee. And the record seems clear that at the time

of the conveyance the Huffmans were insolvent, though neither the commissioner nor the chancellor made a specific finding on that point. The deed was acknowledged and admitted to record the day of execution as stated.

The 16th of August, 1935, the plaintiffs obtained judgment against the Huffmans on the $200.00 note above mentioned.

This suit was instituted in September, 1935, process being returnable to October Rules. This was within the period of four months within which a recorded conveyance may be attacked as a preference. Code, 40-1-5.

The circuit court held that the judgment of the plaintiffs against the Huffmans constituted a lien against the debtors' land notwithstanding the fact that the judgment was not obtained until after the conveyance to Victorena Keener. This holding is correct, under principles enunciated and applied in *Foley* v. *Ruley,* 50 W. Va. 158, 40 S. E. 382, 55 L. R. A. 916, and *Rine* v. *Compton,* 117 W. Va. 756, 188 S. E. 483. The $500.00 debt of Victorena, committee, was placed on equal footing with the debt of another unsecured creditor, and both were subordinated to the plaintiffs' lien. This, likewise, is proper.

Victorena Keener alleged and testified that the deed which was made by the Huffmans to her in her own right should have been made to her as committee for Ezra Keener, but that the mistake was made by the scrivener of the deed and not observed by the parties thereto. She avows her willingness to correct that error. Her basic position is that the $500.00 which she loaned to the Huffmans constituted a part of a trust fund; that all of the loan was used by the Huffmans in improving their property which thereby was increased in value at the expense of the trust fund, and consequently the property became "impressed with a trust lien to the extent of the amount of money belonging to the estate of Ezra T. Keener, which is shown to have gone into improvements on the property." Further, there is the contention by the committee that even if equity requires the deed to be set aside as a preference and the property held for the benefit of

creditors "her equity would attach to the property as a specific lien on the same, and would take priority over any of the other creditors."

In support of the trust fund theory and of the secondary proposition stated, the committee relies on the equitable principle exemplified in the cases of *Marshall's Ex'r.* v. *Hall,* 42 W. Va. 641, 26 S. E. 300, and *Crumrine* v. *Crumrine,* 50 W. Va. 226, 40 S. E. 341, 88 Am. St. Rep. 859. The rule applied in those cases and in many others like unto them is that where a fiduciary invests trust funds in real estate or other property the trust carries through, into the investment. Property in that manner acquired by a fiduciary must stand in the place of the trust money which was used in making the purchase. But the cases employing this principle do not go to the extent of holding that, if a fiduciary makes a loan of trust funds and the borrower invests the same in property, a trust is thereon impressed for the protection of the beneficiary, as against bona fide creditors of the borrower. Where a person in good faith borrows money of a fiduciary there ordinarily arises only the relationship of debtor and creditor, and this is especially true when there later become involved the rights of other persons respecting the property of the debtor wherein he has invested some or all of the money borrowed from the fiduciary. Free and open opportunity for commercial intercourse cannot with propriety be clouded by secret trusts. True, "a ward may follow trust property improvidently disposed of by his committee into the hands of any one with notice of the trust." *Huffman* v. *Hayden,* 114 W. Va. 660, 173 S. E. 561. But, as recognized in that case, equity will not fasten a trust upon property where the rights of innocent third persons have intervened. In the instant case the plaintiffs must be considered as occupying a status equivalent to that of innocent purchasers, because when they sold building materials to the Huffmans there was nothing in the attendant circumstances to indicate to the plaintiffs that a trust had become at-

tached to the property in favor of Victorena Keener, committee.

There being no error in the decree of the trial chancellor, we affirm the same.

*Affirmed.*