# CHARLESTON.

## FARMERS' BANK OF FAIRMONT v. GOULD.

Submitted February 1, 1896—Decided April 8, 1896.

1. EVIDENCE—COMPETENCY OF WITNESS — TRANSACTIONS WITH DECEDENT.

    In a suit brought by a creditor to set aside a deed for fraud as to his debt, the grantee is not incompetent to testify in support of his title and the good faith of his conveyance for the reason that it necessarily involves transactions and communications had with a deceased grantor, whose personal representatives or heirs are made parties defendant to the suit.

2. EVIDENCE—DEPOSITIONS—REVERSAL.

    When the circuit court sustains exceptions to depositions, and erroneously excludes material and important evidence before passing on the case, and then finds contrary to what its decision might have been, had such evidence not been excluded, this Court will reverse the case for such erroneous ruling alone, and remand it for further proceedings.

JOHN J. DAVIS, W. S. MEREDITH and F. T. MARTIN for appellant, cited 28 W. Va. 461, 465; 3 Dev. 440; 16 W. Va. 442, 443; 12 W. Va. 246, 247; 22 W. Va. 1, 2; 34 W. Va. 748; 33 W. Va. 168, 600; 7 C. P. Green, 453, 508; 96 U. S. 775; 1 How. 116; 111 U. S. 242; 35 Am. St. Rep. 868; 11 W. Va. 136, 146, 575; 14 W. Va. 387; 1 Dev. Eq. 373; 4 Kent, 114, note; 1 Jones, Mort. §§ 318, 319, note; 21 W. Va. 415; 18 W. Va. 693, 695, 752; 22 N. J. Eq. 453, 557; 29 Gratt. 27; 1 Bigelow, Fraud, 114, 123, 142, 209; Code, c. 130, s.

33; 17 W. Va. 683, 691; 21 W. Va. 508; 85 Va. 676; 9 W. Va. 590; 2 Am. & Eng. Enc. Law, 114; 4 W. Va. 4; 25 W. Va. 113; 8 W. Va. 219; 10 W. Va. 748, 755; 26 W. Va. 479; 3 W. Va. 480; 31 W. Va. 688.

JOHN W. MASON for appellee.

I.—*If the relation of creditor and debtor does not exist there can be no legal mortgage,*—4 Kent, 144 and note; 1 Hilliard, Mort. 97, 473.

II.—*A false recital in a deed of a material part thereof is a badge of fraud.*—35 Am. Dec. 84-5; Bump, Fraud. Con. 83.

III.—*A deed made for a valuable consideration, but with a dishonest or unlawful intent is fraudulent.*—17 W. Va. 768; 23 W. Va. 639; 34 W. Va. 95.

IV.—*One object of an assignment may be to secure an honest debt, but if there be also another object which the law will not allow to be carried out, such assignment is fraudulent. An assignment can not be used as the means of covering up or concealing property.*—Bump, Fraud. Conv. 361.

V.—*A collusive contract binds the parties to the contract. A court will not interfere to extricate a rogue from his own toils.*—Bump, Fraud. Conv. 443-4; 23 W. Va. 522; 27 W. Va. 206; 32 W. Va. 25.

VI.—*When a conveyance of real estate is assailed by creditors and it is shown that the instrument is false in any material part, the burden of showing that the transaction is fair lies upon the party who seeks to uphold it.*—34 W. Va. 95.

VII.—*The word "against" used in the statute in relation to the competency of a witness who is a party to the suit, testifying in a case where administrators, executors, &c., are parties also, does not mean on opposite sides in the case, but as having opposing interests in the suit.*—28 W. Va. 415.

VIII.—*Persons who are entitled to recover for damages, or any unliquidated sums, whether large or small, are equally under the protection of the statutes against fraudulent conveyances.*—2 Bigelow, Frauds, 148-9.

IX.—*Where a bill is filed to set aside a fraudulent conveyance made by a judgment debtor and to subject the land in the hands of the fraudulent grantee to the payment of the*

*judgment it is not necessary to convene the creditors of such judgment debtor.*—27 W. Va. 206; 38 W. Va. 91.

A. B. FLEMING for appellee, cited Tiffany & Ballard Trusts & Trustees, 192; Bump, Fraud. Conv. 83, 84, 85, 92, 96, 230, 243, 244, 288, 542; 27 W. Va. 206.

DENT, JUDGE:

John E. Gould appeals from a decree of the Circuit Court of Marion county rendered on the 13th day of December, 1892, against him, in favor of the Farmers' Bank of Fairmont, and relies on the following assignment of errors, to wit: *First.* The court erred in excluding the testimony of John E. Gould, defendant. *Second.* The court should not have set aside the deed for the brick house and parcels of lot No. 49 in the town of Fairmont, executed by Jacob N. Gould to John E. Gould, bearing date on the 13th day of August, 1887, and should not have made the judgment of thirty thousand dollars a lien or charge upon said land. *Third.* The court should not have decreed the sale of said land without having first ascertained and fixed the amount of debts of said decedent Jacob N. Gould's estate and the liens on said land, and their priorities. *Fourth.* The court should not have decreed the sale of said land without having referred the cause to a commissioner in chancery to ascertain and report what personal property, if any of decedent's estate, there is or was subject to the payment of the judgment, and then having exhausted any such personalty in discharge of decedent's debts. *Fifth.* Because the decree is not warranted by the evidence, but is contrary to the law and the evidence."

The third and fourth assignments are answered by the case of *Core* v. *Cunningham,* 27 W. Va. 206, followed in the case of *State* v. *Bowen,* 38 W. Va. 91 (18 S. E. 375). The first assignment relates to the exclusion of the evidence of John E. Gould, the alleged fraudulent grantee, for the reason that the alleged fraudulent grantor was dead.

The object of the suit was to set aside, as fraudulent and void, a deed executed by Jacob N. Gould to John E. Gould on the 13th day of August, 1887, in so far as plaintiff's

judgment for the sum of thirty thousand dollars, bearing date 12th day of August, 1891, against Jacob N. Gould, was concerned. On the 1st day of January, 1892, Jacob N. Gould died, and this suit was instituted the 2d day of March, 1892; and on the 13th day of December, 1894, the circuit court, in entering final decree, among other things, held "that said John E. Gould is not a competent witness to testify in this cause, in his own behalf, in regard to any transaction or communication between himself and said Jacob N. Gould, deceased, in relation to the deeds and property and transactions in controversy in this suit, the said Jacob N. Gould being dead, and his deposition not being taken in relation thereto; and the court sustained said exceptions to said John E. Gould's deposition, to this extent."

Code, c. 130, s. 23, provides that "no person offered as a witness in any civil action, suit or proceeding shall be excluded by reason of his interest in the event of the action, suit or proceeding or because he is party thereto." It also provides that "no party to any action, suit or proceeding, nor any person involved in the event thereof, nor any person from, through or under whom any such party or interested person derives any title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination, deceased, insane or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person or the assignee or committee of such insane person or lunatic. But this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor, etc., shall be examined." The question here involved is whether the evidence of John E. Gould was properly excluded, under the latter section. Was he testifying against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of Jacob N. Gould? If not, he was competent. Counsel, in argument, virtually admit that creditors are not included in the wording of the statute, but claims that John E,

Gould was testifying adversely to the interest of the estate of Jacob N. Gould, and therefore incompetent. That is to say, if the latter had been living he would have testified against the *bona fides* of the transaction, and because he is prevented from so doing, by death, his grantee should not be allowed to testify in favor of the same. This is contrary to the presumption that every person will testify in favor of the good faith of his own conduct, unless the contrary is shown. Plaintiff and John E. Gould are claiming adversely to each other. One of them must be claiming adversely to Jacob N. Gould. It can not be John E. Gould, for the reason that he is claiming under his deed, and in privity with him; and it is to the interest of both to repel the charge of fraud, and sustain the *bona fides* of their transactions. Their interests are mutual, and not adverse. If Jacob N. Gould were living, presumptively at least, he would not have testified in opposition to the statements of John E. Gould, but to have sustained them. Hence, according to the plaintiff's theory, having postponed the bringing of suit until rid of one hostile witness, it thereby closes the mouth of the other. By its *laches* it has gained, instead of lost, not once, but double. This is not equitable, nor in accord with the former decisions of this Court. *Gilmer* v. *Baker*, 24 W. Va. 83; *Hobbs* v. *McLean*, 117 U. S. 569 (6 Sup. Ct. 870); *Zane* v. *Fink*, 18 W. Va. 693; *Anderson* v. *Cranmer*, 11 W. Va. 575. We must therefore conclude that the court erred in sustaining the exceptions to the evidence of John E. Gould, as he was and is a competent witness to sustain his own title, and the good faith of the transactions between himself and his deceased brother, as he is in no sense testifying against the interests of one deceased. The Farmers' Bank of Fairmont is still alive, so far as this suit is concerned.

The question then is, what shall be done with this case? This evidence is material. It was proper for the consideration of the court, and was excluded. Had the error not been committed, the decree might have been otherwise than it is. Before passing on the case, the court took good care to sustain the exceptions, thereby showing that the evidence, if in, was entitled to weight, in the consideration of

the court, sufficient to have changed the result. Had the court simply disregarded the evidence, this Court would have held that it considered the evidence sufficient, with or without that excluded, and would end the case on its merits. But as was said in the case of *Armstrong* v. *Town of Grafton*, 23 W. Va. 56: "This is a court of appellate, not original jurisdiction. Our duty is to review the decisions of the circuit court. It is not proper for us to render a decision on a case which has never been considered or decided by the circuit court." If we were able to say that, notwithstanding the admission of the evidence, the circuit court would have entered the same decree, we might dispose of the case at once; but, presumably, it would not have done so, otherwise it would have allowed the evidence to remain in. Before our jurisdiction attaches, the circuit court must have the opportunity to enter such decree as the law and the evidence justify, and therefore the decree will have to be reversed, the exceptions to the depositions of John E. Gould overruled, and the case be remanded to the circuit court to be further heard and proceeded in according to the rules of equity.

BRANNON, JUDGE, absent.