# CHARLESTON.

## KESTER et al. v. ALEXANDER et al.

### Submitted September 9, 1899—Decided December 9, 1899.

47  329
: 48  308
47  329
49  169
47  329
53  114
47  329
57  286

1. BILL—*Answer—Injunction—Dissolution.*

   When a case is heard regularly on a bill and answer (the answer denying the material allegations of the bill) and general replication exhibits, and upon a motion to dissolve an injunction, in the absence of evidence tending to prove the material allegations of the bill it is error in the court to refuse to dissolve the injunction.   (p. 331).

2. MOTION—*Continuance—Dissolution.*

   It is a general rule not to continue a motion to dissolve an injunction unless from some very great necessity, because the court is always open to grant, and, of course, to reinstate, an injunction whenever it shall appear proper to do so, and because, too, the plaintiff should always be ready to prove his bill.   (p. 331).

3. INFANTS—*Next-Friend—Removal.*

   Where a person is guardian for infant children, and institutes as their next friend, also, a suit to protect their interest in reference to a trust estate which is being administered by a trustee, which suit is decided adversely to his wards, and a suit brought by said infants, acting by another next friend, to remove him as their next friend, for refusing to appeal the case, the court should exercise great caution in removing such next friend, and be certain that he has violated his duty before removing him.   (p. 334).

4. EQUITY—*Trust—Trustee.*

   Equity will not interfere with a trustee in the proper discharge of the duties of his trust.   (p. 335).

Appeal from Circuit Court, Harrison County.

Bill by C. M. Kester and others, by W. G. Kester, their next friend, against J. I. Alexander and S. S. Faris. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

LEWIS C. LAWSON and MELVILLE G. SPERRY, for appellants.

JOHN BASSEL, C. W. LYNCH and HARVEY W. HARMER, for appellees.

ENGLISH, JUDGE:

This appeal was awarded from an order of the circuit court of Harrison County dissolving an injunction granted by JUDGE BRANNON, on the 19th of April, 1898. The appellants, who are infants, brought a suit in equity in the circuit court, by their next friend, John I. Alexander, to enjoin and restrain Samuel S. Faris from selling and disposing of the estate of J. B. Sandusky, which had been assigned to him by Sandusky on the 6th of January, 1898; also to convene his creditors, and ascertain the amounts and priorities of their claims. In that case an injunction was granted on April 1, 1898, which was dissolved on notice and motion April 9, 1898. John I. Alexander declined to apply for an appeal from the decree dissolving said injunction, but W. G. Kester, a relative of said infant children, as their next friend, instituted this suit for the purpose of having said Alexander removed as the next friend of said infants, and to obtain another injunction to restrain said Faris from selling and disposing of the estate of said Sandusky until Alexander could be removed, and an appeal obtained from the order dissolving first injunction. This bill was presented to a circuit judge, who declined to grant it, and the same was subsequently presented to JUDGE BRANNON, of this Court, who, on April 19, 1898, as above stated, granted the injunction prayed for. On the 9th of May, 1898, the appellees gave notice that on the 11th, same month, they would move Judge Hagans to dissolve said injunction, which was done, the injunction dissolved, and this appeal applied for and obtained.

The appellants claim the court erred: First. Because the notice given of the motion to dissolve said injunction was not such reasonable notice as is required by law to be given in like cases. The record shows that the notice was served on W. G. Kester, next friend of plaintiffs, on May 9, 1898, and was returnable on the 11th of same month.

The circuit court was then in session, and said motion was not acted upon until May 16th, when counsel for the appellants was present.   The record shows that the plaintiffs had seven days in which to make preparation to meet the motion to dissolve.   Affidavits were presented in opposition to the motion to dissolve, and a motion to quash the notice was made, which was overruled; so that the plaintiffs do not appear to have been prejudiced by want of time to meet the motion.   Now, while it is true that section 12 of chapter 133 of the Code provides that the opposite party must have reasonable notice in writing of a motion to dissolve an injunction before a judge in vacation, yet, where the motion is made in open court in term time, such notice is not required.   See *Sulphur Springs Co.* v. *Robinson*, 3 W. Va. 542, where it is held:   "It is not a valid objection to an order dissolving an injunction that no notice of the motion to dissolve was given, when the motion was made in court, if there was no equity in the bill.   Nor is there error in dissolving under like circumstances, without an answer."   The defendants had filed their answer under oath, and under the practice the plaintiff should at all times be in readiness to meet a motion to dissolve.   See *Horn* v. *Perry*, 11 W. Va. 694, where it is held that:   "It is a general rule not to continue a motion to dissolve an injunction unless from some very great necessity, because the court is always open to grant, and, of course, to reinstate, an injunction whenever it shall appear proper to do so, and because, too, the plaintiff should always be ready to prove his bill."   See, also, *Arbuckle* v. *McClanahan*, 6 W. Va. 101, in which this Court holds that:   "When a cause is regularly heard on a bill and answer (the answer denying the material allegations of the bill) and general replication, exhibits, and upon a motion to dissolve an injunction, in the absence of evidence tending to prove the material allegations of the bill it is error in the court to refuse to dissolve the injunction, and refer the cause to a commissioner to take the account prayed in the bill."   See, also, *Radford's Ex'rs* v. *Innes' Ex'x*. 1 Hen. & M. 7; *Shonk* v. *Knight*, 12 W. Va. 667 (Syl., point 3).

The second assignment of error claims that it was not proper to dissolve the injunction upon the bill and answers

thereto, to which answers there were general replications by the plaintiffs, made before the same was dissolved. Now, as to the effect of an answer, our Code (section 59, chapter 125) provides, that, "when a defendant in equity shall in his answer deny any material allegation of the bill, the effect of such denial shall only be to put the plaintiff on satisfactory proof of the truth of such allegation." The answers filed in this case, as I read them, are mere denials of the allegations of the bill, and do not allege any new matter constituting a claim for affirmative relief, and therefore there was no necessity for a special replication. As to the effect of a general replication, it only puts in issue negative all allegations contained in the answer except such as call for affirmative relief, and asserts that the plaintiff will sustain and prove his bill. The case was submitted without any proof in support of the allegations, but upon the bill, answer, and two affidavits denying what the appellants claim are immaterial averments in the answers of Faris and Alexander, which pertain to the conduct of said Alexander in reference to taking the appeal. So far, then, as the material allegations were concerned, the case was heard upon the bill and the answer, sworn to, denying the allegations, and this Court held in the case of *Cox* v. *Douglass*, 20 W. Va. 175, that "an injunction will be dissolved at the hearing of a motion to dissolve on bill and answer, sworn to, if the answer fully, fairly, plainly, distinctly, and positively denies the allegations of the bill."

The third assignment of error claims that the answers of Faris and Alexander have been rejected for reasons set forth in the exceptions thereto. I deem it necessary only to say that there are statements to be found both in the bill and answers that might well have been omitted, as the records of a chancery cause are not the proper place for counsel to deal in personal reflections and recriminations; and the matters to which the exceptions refer do not pertain to the merits of the case.

The fourth assignment of error claims that it was not proper to dissolve the injunction upon the filing of said answers, and upon the state of pleadings thereby presented, and the facts shown to exist upon the face of said bills and answers thereto filed in said causes, and the exhibits there-

with filed. This assignment may be considered with the fifth one, which claims that it was improper and erroneous to dissolve said ·injunction, or permit Faris to sell said lands, while the chancery causes were still pending and undetermined, and the rights and interests of said petitioners still unsettled in the chancery cause pending in the court of appeals, while the financial condition, debts, and liabilities of said Sandusky were undetermined and unknown, the lands sought to be sold by Faris still burdened by said preceding judgment, liens, and deeds of trust, and the legal title to the lands outstanding in other trustees, and said Farris only held the equity of redemption under said trust so executed to him by said Faris, Sandusky, Pell, Blair, and Dunkin, trustees, and all creditors of Sandusky had been properly brought into a court· of equity in a chancery cause brought to ascertain the liens thereon, and to subject said land to the payment of the liens and charges thereon in a way and manner provided by· law. In considering the questions raised by these assignments of error it is proper to revert to the fact that two suits were instituted, the first having for its object the prevention of Faris, as trustee, from making sale and disposition of the property described in a deed of trust executed to said Faris· by J. B. Sandusky and wife, dated January 6, 1898, and to convene the creditors of Sandusky, and ascertain his debts and liabilities, before any disposition of the property was made, which suit was brought by John I. Alexander, as next friend of the appellants. After the injunction had been obtained and dissolved as aforesaid, Alexander declined to apply for an appeal, and the second suit was brought by W. G. Kester, as next friend, for appellants, having for its object the removal of Alexander as next friend in the chancery cause, and to enjoin Farris from making sale of Sandusky's property under said trust deed, which injunction was granted and dissolved, and is now before us on appeal. It is perceived that one of the main objects of this suit was the removal of Alexander as next friend of appellants. He was not only the next friend, but their guardian, and as such we must presume he had given bond adequate to protect his wards from any loss by mismanagement of their estate.

He seems to have been selected by the mother of these infants, and she was satisfied with his management, and his appointment by the court is an indication that his character was such as to suggest him as a proper man for the position. In this suit he became acquainted with the proposed action of Faris, as trustee, with reference to the sale of Sandusky's property; and when the circuit court passed upon his bill adversely to the claims therein asserted, he, as guardian of said infants, and their next friend, did not deem it advisable to appeal. The office of guardian is one in which much discretion should be exercised, and if he, in good faith, looking to the best interests of his wards, became satisfied that their interests would be promoted by allowing the decree to stand, either from the fact that the trustee, Faris, had given a forty thousand dollar bond, which would amply protect all parties interested as creditors in the property conveyed to him as trustee, or from the fact that he saw indications that his wards' property was in danger of being frittered away in litigation that might be avoided, can we say a court of equity would be warranted in removing him as such next friend, and substituting another in his stead, when there is nothing to show that his action in declining to take the appeal was inconsistent with the acts of a prudent guardian looking to the best interests of his wards? I would say we should not so hold, unless it clearly appears that such refusal was at variance with their best interests.

Again, we may with propriety ask, why should the court interfere to prevent the trustee, Faris, from carrying out the requirements of the trust executed to him by Sandusky and wife on January 6, 1898? As we read that trust deed, it is manifest that the main object of the grantor was to secure those to whom he was indebted, and to satisfy their claims with as little expense as possible by avoiding litigation; and, in order that his creditors might be protected from loss in any manner by the acts of said trustee, he required Faris to enter into bond in the penalty of forty thousand dollars, bearing even date with said trust deed, conditioned for the faithful performance of his duties as such trustee, and that he would account for all money coming into his hands by virtue of such trust. So far as the

record in this case discloses, Faris was proceeding in good faith to execute and carry out the provisions of said trust deed when the injunction was awarded, and, no misconduct having been shown on his part in the discharge of his trust, the injunction was properly dissolved as to him. In the case of *Righter* v. *Riley*, 42 W. Va. 633, (26 S. E. 357), this Court held that "equity will not interfere with a trustee in the proper discharge of the duties of his trust."

It is claimed that said trustee only acquired the equity of redemption as to the lands conveyed to him in the trust deed. It, however, empowered him to redeem and obtain releases, and to settle up the entire business of the grantor, and directed him, after retaining his commission, to pay the residue to said grantor. The decree dissolving the injunction directed that, should any sale of Sandusky's real estate be made by said Faris, trustee, he should retain the proceeds thereof until the further order of the court. My conclusion, therefore, is that there is no error in said decree to the prejudice of the appellants, and the same is affirmed.

ON REHEARING.

After a consideration of the arguments presented when the cause was originally submitted, as well as those offered on rehearing, I see no cause to change the opinion already handed down, and the decree complained of is affirmed.

*Affirmed.*