# CHARLESTON.

STATE *v.* REYMANN *et al.*

Decided November 24, 1900.

| 48 | 307 |
| f48 | 352 |
| 48 | 307 |
| 49 | 738 |

INTOXICATING LIQUORS—*Illegal Sale—Injunction.*
　　If an injunction is awarded under section 18, chapter ' 32, Code, as amended by chapter 40, Acts 1897, the State must promptly prove its case, or, on answer filed, plainly and positively denying all the material allegations of the bill, a motion to dissolve must be sustained, unless good and sufficient cause is shown for further delay. (p. 309).

Appeal from Circuit Court, Tyler County.

Bill by the State against Paul O. Reymann and others. Judgment for plaintiff. Defendants appeal.

*Reversed.*

HOWARD & HANDLAN, for appellants.

EDGAR P. RUCKER, ATTY. GEN., and L. C. ANDERSON, for the State.

DENT, JUDGE:

The State of West Virginia acting through the prosecuting attorney of Tyler County, on the 2nd day of February, 1898, filed its bill and obtained from the circuit court of Tyler County an injunction against Paul O. Reymann, William Tompkins and Daniel Morris enjoining and restraining them from either selling, offering or exposing for sale spirituous liquors, wine, porter, ale and beer and drinks of a like nature in a certain building alleged to belong to them situated in the town of Sistersville, Tyler County, West Virginia, on Wells street. After notice given, the defendants on the 22d day of February, 1898, moved the judge of the circuit court in vacation to dissolve said injunction on answer filed positively and plainly denying all the material allegations of the bill. The motion was denied and the injunction continued and defendants appeal. The only question now for the consideration of this Court is as to whether the motion to dissolve should have been sustained, and this arises on the denial of the allegations of the bill. The demurrer has not yet been disposed of by the circuit court. This demurrer involves the constitutionality of the act under which the bill was filed, and as the circuit court has not yet passed on it this Court will not prematurely consider it. *Kesler* v. *Lapham,* 46 W. Va. 293; *Robrecht* v. *Robrecht,* 46 W. Va. 742; *Woods, Special Comr.,* v. *Campbell,* 45 W. Va. 203; *Harris* v. *Hauser,* 26 W. Va. 602; *Bank* v. *Gould,* 42 W. Va. 132; *Alderson* v. *Commissioner,* 32 W. Va. 461; *Armstrong* v. *Grafton,* 23 W. Va. 50; *Burke* v. *Adair, Id.* 165. The general rule is that where the answer plainly and positively denies the material allegations of the bill, and there is no contradictory evidence or affidavits filed, the injunction must be dissolved. 2 Tuck. Com. 478; *Kester* v. *Alexander,* 34 S. E. 819; *Salt & Mining Co.* v. *Town of Mason,* 23 W. Va. 211; *Cox* v. *Douglass,* 20 W. Va. 175; *Shank* v. *Knight,* 12 W. Va. 667; *Hazzlett* v. *McMillan,* 11 W. Va. 464; *Arbuckle* v. *McClanahan,* 6 W. Va. 101. To this rule there are exceptions. *Robrecht* v. *Robrecht,* 46 W. Va. 742. Does this plaintiff come under any of these exceptions? If the bill is true, it could have been sustained by affidavits or evidence, for there is nothing disclosed that hindered the taking of the same. Nor is there anything to show that the plaintiff will suffer irreparable injury or be subjected to great injustice or in-

convenience, or that there is special propriety under the peculiar circumstances of the case in maintaining the *status quo* between the parties until the dispute between them can be finally determined on the evidence. If the bill is true and the answer false the court on proper showing can at once reinstate the injunction and if the contrary is true the defendants have the right to have the injunction at once dissolved. It might be said that if the answer is true and the defendants are not engaged in the unlawful business charged the continuance of the injunction can do them no harm. Pecuniarily this may be true, but it continues a charge of law breaking against them from which they are entitled to be promptly relieved as a menace to their reputations. When charges of unlawful conduct are thus made against citizens it should be on sufficient evidence, promptly produced and a fair hearing had without denial or delay. And no lawabiding citizen should be required to suffer such a charge to hang over him from time to time unproved to his annoyance and injury. If there is any case in which the general rule above stated should be strictly enforced it is in a case of this character to prevent the process of the courts from being used wrongfully or oppressively.

The order of the circuit court refusing to dissolve the injunction is reversed and the injunction dissolved.

*Reversed.*