# CHARLESTON

MARCUM *v.* MARCUM.

57 285
60 690

Submitted February 21, 1905.  Decided February 28, 1905.

CUTTING TIMBER—*Injunction—Solvency of Defendant.*

An injunction will not lie against cutting timber, if the party committing the trespass is solvent. Otherwise where he is not solvent.  (p. 285.)

Appeal from Circuit Court, Mingo County.

Bill by Martha Marcum against G. D. Marcum. Decree for defendant, and plaintiff appeals.

*Affirmed.*

MARCUM, MARCUM & SHEPPARD, and GEO. J. McCOMAS, for appellant.

J. L. STAFFORD and H. K. SHUMATE, for appellee.

BRANNON, PRESIDENT:

Martha Marcum filed a bill in chancery in Mingo county against G. D. Marcum stating that she owned a certain tract of land, and that the defendant was unlawfully cutting timber standing upon it, and would continue so to do until the land would be denuded of its timber, and that the timber constituted the chief value of the land, and that the defendant was insolvent, and praying that the defendant be enjoined from cutting and removing the timber. The defendant answered denying his insolvency, and setting up a contract with a former owner of the land by which he engaged to cut and sell the timber. Affidavits bearing only on the character of such contract were filed, and on hearing, the injunction, which had been granted, was dissolved and the bill dismissed, and the plaintiff appeals.

There is no controversy of title or boundary of land in the bill. The bill presents a case for equity jurisdiction in stating good title and the defendant's insolvency, as insolvency makes the cutting of timber irreparable damage; but the answer denies such insolvency, and there is no proof of it, and this debars the plaintiff from relief in equity, according to numerous decisions in such a case. They hold that if the party is solvent, action at law for damages gives full and

adequate relief. Such are our decisions in many instances, *Lloyd* v. *Blackburn*, decided this term; *Burns* v. *Mearns*, 44 W. Va. 744; *Hanley* v. *Waterson*, 39 *Id.* 214; *Becker* v. *McGran*, 48 *Id.* 539. It is not proper to discuss in this case the said contract. It is a matter for a law action. Though it does not really arise, I will remark, as to the argument that the court ought not to have dissolved the injunction, but should have continued the case to allow the plaintiff to cross-examine those who made affidavits. The case of *Grobe* v. *Roup*, 46 W. Va. p. 490, is cited for this. It holds that it is error to dissolve on affidavits merely when by the pleadings the burden of proof is on the defendant moving dissolution, as the plaintiff has right to cross-examine defendant's witnesses and rebut their evidence. In answer to this I will say: 1. The defendant in this case did not bear the burden of proof. The bill alleged, the answer denied, the insolvency of defendant. The *Grobe Case* does not apply. 2. The plaintiff did not ask a continuance. 3. An injunction will be dissolved on hearing, if the answer denies all the material allegations on which the injunction is founded, and there is no proof of such allegations in addition to the affidavit to the bill. *Schoonover* v. *Bright*, 24 W. Va. 698. It would have been error to refuse to dissolve in this case, even if a continuance had been asked. *Kester* v. *Alexander*, 47 W. Va. 329; *Steelsmith* v *Fisher Oil Co.*, 47 *Id.* 391. 4. The affidavits do not bear on the matter of insolvency.

Therefore, we affirm the decree, without prejudice to any action at law.

*Affirmed.*