# CHARLESTON

## MEYER v. MEYER.

Submitted June 13, 1906.    Decided November 20, 1906.

1. HOTCHPOT—*Advancement to Descendant—Time Suit May be Entered.*
   A descendant, who has received an advancement from a person dying intestate as to his estate or any part thereof, is not compelled to await the expiration of a year from the date of the order appointing the first personal representative of such intestate, before instituting a suit in equity for the purpose of bringing the estate into hotchpot under section 13, chapter 79, Code 1906.   (p. 476.)

2. INJUNCTION—*General Rule as to Dissolution—Plaintiff's Equity.*
   While the general rule is that an injunction will be dissolved if the answer fully, fairly, distinctly and positively denies the material allegations of the bill upon which the injunction is based, in the absence of proof of such allegations; yet there are numerous exceptions to this general rule, and where such answer has been

filed, and it nevertheless appears from a consideration of the pleadings, and affidavits or proofs if any, together with the circumstances of the case, that there is a strong presumption or a strong probability of the existence of plaintiff's equity, it is error to dissolve an ancillary injunction awarded to preserve the *status quo* of the subject matter of the litigation, in advance of a hearing on the merits. (p. 476.)

3. SAME---*Continuing---Hardship*.

The exception to the general rule just stated applies with peculiar force where no great hardship can come to the defendant by continuing the injunction, and great hardship will come to the plaintiff by its dissolution if his equity is finally established. (pp. 478, 503.)

Appeal from Circuit Court, Wood County.

Bill by Charles A. Meyer against Josephine C. Meyer, Admx., &c., *et al.*

*Reversed. Remanded.*

VAN WINKLE & AMBLER, for appellant.

CHAS. A. SMITH and WM. BEARD, for appellees.

COX, JUDGE:

This is an appeal from and *supersedeas* to an order entered in vacation in this cause by the judge of the circuit court of Wood county, dissolving a preliminary injunction awarded to restrain the collection of a judgement in an action at law.

At June rules, 1905, Charles A. Meyer, son of Jacob M. Meyer, deceased, filed his bill in this cause, making the widow and administratrix and the several other children and heirs at law of Jacob M. Meyer, and Charles A. Meyer as trustee, parties defendant. By the bill appellant alleges substantially that his father, Jacob M. Meyer, died intestate on the 28th of April, 1904, leaving surviving him his widow, Josephine C. Meyer, and eight children, including appellant; that on the 3rd day of May, 1904, the widow qualified as administratrix of Jacob M. Meyer; that the debts against the estate did not exceed $1,000.00, and that the personal estate was worth at least $15,000.00 and the real estate $20,-000.00; that during his lifetime Jacob M. Meyer made certain advancements to his children, including the appellant, the character of which was as follows: To one child real estate, to another a note given by appellant to his father,

and to others sums of money for which they gave their notes to their father; that upon two of such notes for $500.00 each the administratrix proceeded by an action at law in said court, and obtained a judgment against appellant for the aggregate sum of $1,356.33; that appellant was compelled to allow said judgment to go by default, having no remedy except in equity; that the sums for which said notes were given were in fact advancements, and not debts due his father's estate; and that some month's previous a suit was brought in said court by the widow against the children and heirs of Jacob M. Meyer to set aside a certain trust made by him to appellant, as trustee, for the protection and benefit of said children. Appellant by the bill makes other allegations, and prays that said administratrix be enjoined from collecting the judgment in the action at law, and that all the property real and personal, including the advancements, be brought into hotchpot, and for other relief.

Upon presentation of the bill to the judge of said court in vacation, the injunction prayed for was awarded, and bond in the penalty of $2,000.00 was required. Afterwards, in term, all the defendants, except the appellant as trustee, and the widow in her own right filed answers, and appellant replied to the answer of the widow as administratrix. The answers of the children and heirs admit substantially the allegations of the bill, including the allegation in relation to advancements therein specified, and the children who had received advancements offered to bring them in and participate in the distribution of the estate. The administratrix alone, by her answer, denies the facts in relation to advancements specified in the bill, and claims that the notes of appellant, upon which the judgment at law was rendered, and the notes given by the other children to their father, were and are debts and not for advancements; and the administratrix admits that the indebtedness against the estate, so far as presented, does not exceed $1,200.00, and that she has collected over $16,000.00 of personal estate and that the real estate is worth at least $30,000.00. The answers of the administratrix and of certain of the heirs were filed on the 19th of October, 1905, at which time the administratrix moved the dissolution of the injunction. On the 21st of December, 1905, in term, the answers of the other heirs were filed, and a number of affi-

davits were then filed by the appellant in support of the bill on the motion to dissolve. The administratrix asked time, and leave was granted her, to file within ten days, in the office of the clerk, counter affidavits. In vacation, on the 20th of January, 1906, the order complained of was entered, whereby it appears that the motion to dissolve the injunction was sustained, and that the judge proceeded to ascertain the principal, interest, damage and costs due on the judgment, aggregating $1,459.56, and to award execution therefor.

The only question presented is: Did the judge err in entering the vacation order dissolving the injunction, and awarding execution for the principal, interest, damages and costs due on the judgment, under the circumstances of this case? Counsel for the administratrix claim that this is a pure injunction bill, and invoke the general rule that, where the answer fully, fairly, distinctly and positively denies the material allegations of the bill upon which the injunction is based, the injunction should be dissolved in the absence of proof of such allegations. *Rosset* v. *Greer*, 3 W. Va. 1; *Hazzlett* v. *McMillan*, 11 W. Va. 464; *Shonk* v. *Knight*, 12 W. Va. 667; *Cox* v. *Douglass*, 20 W. Va. 175; *Schoonover* v. *Bright*, 24 W. Va. 698, and other cases. They base the claim that this is a pure injunction bill on the fact that the suit was instituted before the expiration of a year from the date of the appointment of the administratrix, and upon the fact that section 29, chapter 87, Code 1906, provides that a personal representative shall not be compelled to pay any legacy given by the will, or make distribution of the estate of his decedent, until after a year from the date of the order conferring authority upon the first executor or administrator, etc. There is no express inhibition in the statute against the institution of a suit to bring an estate into hotchpot, in a proper case, within a year after the appointment of the first personal representative, and we think none is implied. It would seem eminently proper that the basis of distribution in case of advancements should be determined before the time the representative may be compelled to make distribution. The court in the cause has full power to protect the personal representative by its decree as to the time of distribution, and it cannot be presumed in advance that it will not

do so. The bill, then, was not purely for an injunction, but also for the purpose of bringing the estate into hotchpot, and was properly brought within the first year of the administration.

The general rule as to dissolving an injunction is as stated above; but there are numerous exceptions to it, as pointed out by Judge Green in *Shonk* v. *Knight, supra,* in these words: "It is true there are various exceptions to this general rule, as where the plaintiff would lose all the benefit which would otherwise accrue to him should he finally succeed in the cause, or where the facts disclosed by the bill and answer afford strong presumption that the plaintiff will establish his claim for relief on the hearing, and it appears that he would suffer great and immediate injury by a dissolution of the injunction, or when a dissolution of the injunction would in effect amount to a complete denial of the relief sought by the bill. In these and some other cases it would be proper to continue the injunction till the hearing." In *Robrecht* v. *Robrecht,* 46 W. Va. 738, it was held that, "on a motion to dissolve a mere ancillary injunction, the circuit court can only be required to investigate the main cause so far as to ascertain that the equities between the parties are sufficiently doubtful to justify the continuance of the injunction until final hearing," and that, "although the answer plainly and positively denies the allegations of the bill, yet, if the facts and circumstances shown by the pleadings, exhibits and affidavits are strongly presumptive in favor of the plaintiff's equity, it is not appealable error for the circuit court to continue an ancillary injunction awarded for the purpose of preserving the status of property, until the final hearing." In the later case of *Rorer* v. *B. & L. Asso.,* 55 W. Va. 225, it was, under the peculiar circumstances of that case, held that it is error to dissolve the injunction in advance of the hearing, unless it appears that the allegations of the bill cannot, or probably will not, be sustained, or that the plaintiff is not prosecuting his suit with due diligence. See, also: *Grobe* v. *Roup,* 46 W. Va. 488, *Noyes* v. *Vickers,* 39 W. Va. 30; *Ingles* v. *Straus.* 91 Va. 209; *Frazer* v. *Brewer,* 52 W. Va. 306; High on Inj., section 1605.

We think it may be said to be the law in this State that it

is error to sustain a motion to dissolve an ancillary injunction awarded to preserve the *status quo* of the subject matter of the litigation, in advance of the hearing on the merits, when upon the pleadings, and affidavits or proofs, if any, together with the circumstances of the case, there is a strong presumption or a strong probability in favor of the existence of plaintiff's equity. This exception to the general rule seems firmly established, and is applicable with peculiar force where no great hardship can come to the defendant by the continuance of the injunction, and great hardship will come to the plaintiff by its dissolution if his equity should be finally established. Applying this exception to this case, we are clearly of the opinion that the order dissolving the injunction in vacation is erroneous. The motion to dissolve, being in vacation, must be taken as in advance of the hearing on the merits, because the judge was without power to hear on the merits in vacation. Certain affidavits were filed by appellant tending to support the allegations of the bill upon which the injunction was based, and tending to rebut any presumption which may exist that the notes in question were debts and not for advancements. All of these affidavits, except the affidavit of W. P. Rathbone, were made by the children and heirs at law of Jacob M. Meyer. The affidavits of the children and heirs at law are challenged as incompetent under the statute, by reason of interest. Without passing at this time upon the question of the competency of the affidavits of the children and heirs at law, there remains unchallenged the affidavit of Rathbone, who is not claimed to be an interested person. He swears that he was intimately acquainted with Jacob M. Meyer, and had a conversation with him in which he stated that he had given to his boys— meaning appellant and Wm. J. Meyer, who are his only sons—certain sums of money, which he intended should be charged to their interests in his estate, and that Jacob M. Meyer told the affiant that he had advanced these sums of money to these sons in order to help them along in life, and that he intended that the money so received should come out of their interests in his estate. Other circumstances tending to corroborate appellant's contention appear. Without deciding anything in relation to the merits of this controversy, we can say that there is a strong presumption, a strong

probability, considering the pleadings, proofs and circumstances appearing, of the existence of the plaintiff's equity. No great hardship can come to the administratrix by continuing the injunction until the hearing, while its dissolution would work great hardship to the plaintiff in the event of his final success in the suit.

The counsel for the administratrix contend that the injunction should have been dissolved because of the lack of diligence by the plaintiff in the prosecution of his suit. The case presents no such lack of diligence as would justify the dissolution of the injunction on that ground alone, especially when the fact is considered that the last order made in term granted to the administratrix, upon her request, leave to file affidavits within ten days in the office of the clerk, which leave could be availing only by a continuance. It is hardly necessary to say that the part of the order complained of, ascertaining the principal, interest, damages and cost due on the judgment and awarding execution, must fall with the reversal of that part of the order which dissolves the injunction.

The order complained of is reversed, and the injunction continued until a further hearing in the court below, and this cause is remanded to be further proceeded with in accordance with the principles herein announced and the rules governing courts of equity.

*Reversed. Remanded.*