GRACE M. SHREWSBERY *et al.* v. KATHERINE MEADOWS *et al.*

(No. 7701)

Submitted April 24, 1934. Decided May 22, 1934.

*Carl C. Sanders* and *E. Clyde Scott,* for appellants.
*Maxwell, Sayre & Bowers,* for appellees.

KENNA, JUDGE:

This appeal is prosecuted from a decree of the circuit court of Raleigh County entered on the 10th day of June, 1933, which dissolved an injunction prohibiting a sale under a deed of trust and dismissed the plaintiffs' bill.

The bill of complaint filed herein by Grace M. Shrewsbery and J. J. Shrewsbery alleges that on the 26th day of November, 1930, a trust deed was executed by them to Clay S. Crouse, trustee, conveying land in Shady Springs District of Raleigh County to secure a thousand-dollar debt represented by a note of even date payable to Katherine Meadows in two years from date; that after the

date of the deed of trust and note that it secured, Katherine Meadows became indebted to Grace M. Shrewsbery in the sum of $1775.00 and to J. J. Shrewsbery in the sum of $190.00 for personal services, and that by reason of the services rendered by the plaintiffs to Katherine Meadows, her debt to them exceeds by $965.00 the amount of the note representing the debt which they owe her. The bill prays for an accounting of the indebtedness of the plaintiffs severally against Katherine Meadows, that a decree be entered requiring the trust deed to be cancelled and their note surrendered, that the sale under the trust deed be enjoined, and for general relief. Katherine Meadows and Clay S. Crouse, trustee, are named defendants.

The bill was presented to the circuit court of Raleigh County on the 29th day of December, 1932, and a decree was entered enjoining the trust deed sale until the further order of the court.

On February 20, 1933, Katherine Meadows (Catherine Meador) appeared and filed her demurrer in writing.

On February 25, 1933, a joint and several demurrer in writing was filed by the defendants.

On March 27, 1933, after argument and submission, demurrers to the bill of complaint were overruled.

On April 1, 1933, Catherine Meador appeared and tendered and asked leave to file her separate answer which was accordingly done. This answer is a categorical denial of all of the averments of the bill and is verified.

On June 10, 1933, the final decree was entered in the cause (the decree appealed from) filing a general replication to the answer of the defendants, reciting the defendants' motion to submit the cause on bill and answer and for a dissolution of the injunction theretofore granted, and to dismiss the plaintiffs' bill, to all of which the plaintiffs objected. The court overruled the objection. The plaintiffs then moved the court to refer the cause to a commissioner to hear the evidence and to state an account between the parties. This motion was also overruled by the court. Thereupon, the court sustained the

motion to submit on bill and answer, dissolve the injunction and dismiss the plaintiffs' bill.

If it were the demurrer that is being stressed on this appeal, it might well be that serious question could be raised as to the sufficiency of plaintiffs' bill of complaint. There is respectable authority to the effect that a plain legal demand may not, by way of injunction, be offset against the debt secured by a deed of trust or mortgage. See *Knight* v. *Drane*, 77 Ala. 371; *Glover* v. *Hembree*, 82 Ala. 324, 8 So. 251; *McDaniel* v. *Cowart*, 109 Ga. 419, 34 S. E. 589; *Gregg* v. *Hight*, 6 Mo. App. 579. As an example of that line of cases holding that where special circumstances such as insolvency of defendant contribute to the equity of the bill injunction may lie, see *Harrison* v. *Bray*, 92 N. C. 488. However, the question is not presented by the record, and for the purposes that bring the case here, we treat the bill of complaint as being sufficient.

As to the action of the trial court in dissolving the injunction at a time when the bill of complaint had been filed for more than five months and a verified answer denying its allegations had been resting in the clerk's office for approximately two months, without further action being taken on the part of the plaintiffs in the cause to establish their case and to improve their position, we see no error. *Kessel* v. *Cohen*, 104 W. Va. 296, 140 S. E. 15; *State* v. *Reymann*, 48 W. Va. 307, 37 S. E. 591; *Kester* v. *Alexander*, 47 W. Va. 329, 34 S. E. 819. Nevertheless, we do not believe that it was the right of the defendant, under all of the circumstances of the case, and independent of the question of dissolving the injunction, to force a submission upon final hearing resulting in an adjudication that would be a permanent bar to plaintiffs' right of recovery. The pleadings had been formed in such a manner that an unqualified dismissal of the bill of complaint constituted a decision of the case upon the merits against the plaintiffs. *Cornell* v. *Hartley*, 41 W. Va. 493, 502, 23 S. E. 789; *Staley* v. *Railroad Co.*, 63 W. Va. 119, 59 S. E. 946. It

cannot be said that the action of the trial chancellor was equivalent to a renewal of the demurrer and a holding that the bill of complaint itself was insufficient. In that event, the plaintiff should have had leave to amend, and to thus rectify the insufficiency of his legal position.

The plaintiff was in court insisting upon its right to have the cause referred to a commissioner in chancery on the theory that it involved an accounting that could not be adequately presented by depositions. In our opinion, this position was not well taken because the issues of the cause as made up by the bill and answer were not of such complication as to demand an accounting. We see no reason why the case could not have been adequately disposed of on depositions. Neither side had taken depositions. In this situation, while the trial court, we think, was quite right in overruling the motion for a reference, we believe that the cause should have been retained after the dissolution of the injunction and some reasonable time fixed within which the parties would be required to submit their respective proof and have the merits of the case finally determined. We do not indicate what disposition should be made of the cause in the event the defendant should be permitted to renew its demurrer to the plaintiffs' bill.

In view of the foregoing, the decree of the circuit court of Raleigh County in so far as it dissolves the injunction and overrules the motion of the plaintiffs to refer the cause to a commissioner in chancery is sustained and that decree is reversed in so far as it dismissed the plaintiffs' bill.

*Affirmed in part; reversed in part; remanded.*