ALICE SNODGRASS, *Admx.* v. JOHN A. MOHR *et al.*

(No. 7901)

Submitted October 24, 1934. Decided November 13, 1934.

508

J. G. F. Johnson, for appellant.

Sommerville & Sommerville and B. H. Blagg, for appellees.

MAXWELL, JUDGE:

This is an appeal from the trial chancellor's decree dissolving a temporary injunction, awarded at the instance of the plaintiff, inhibiting the defendants, M. L. Gibson and H. G. Gibson, from reducing to cash a certain county order for $900.00.

The suit, purporting to be based on Code 1931, 38-5-20, was designed to reach certain funds alleged to be owing to the judgment debtor and to subject them to the satisfaction, *pro tanto,* of the plaintiff's judgment against him.

The judgment in question was rendered by the circuit court of Mason County at the January Term, 1933, in favor of the plaintiff, Alice Snodgrass, administratrix of the personal estate of Mathew Snodgrass, deceased, against the defendant, M. L. Gibson. Executions on the judgment having availed naught, the plaintiff instituted this suit at August Rules, 1933.

The principal allegations of the bill are in substance these: that for a considerable time immediately prior to the issuance of executions upon said judgment M. L.

Gibson had been engaged in extensive repair of public roads in said county in pursuance of a general contract between him and the county court of that county; that upon the attempt of plaintiff to enforce the payment of said judgment, the said Gibson arranged with the county court to issue future orders, for contract work performed by said M. L. Gibson, to his son, H. G. Gibson; that the work proceeded as formerly, under the supervision of said M. L. Gibson; that, although the orders latterly have issued to and been indorsed by the son, the father has obtained the proceeds thereof; that the arrangement was effected by the said M. L. Gibson for the express purpose of hindering, delaying and defrauding his creditors, and particularly the plaintiff; that recently before the filing of said bill, an order for $900.00 was issued by the said county court to H. G. Gibson; and that it is the information and belief of the plaintiff that the said sum will in fact be paid to M. L. Gibson.

The prayer of the bill is that the Gibsons may be enjoined from receiving payment of said order or any other orders issued to either of them by the county court, and from assigning or transferring the same, and that said funds be subjected to the lien of the plaintiff's execution. The commissioners of the county court and the sheriff also are parties defendant to the bill, but relief is sought only against the Gibsons.

In the answers there is categorical denial that M. L. Gibson has any interest in the fund represented by the $900.00 order. The county commissioners in their answer deny that there was ever a general contract between them and M. L. Gibson for highway repairs, and likewise deny that the said $900.00 or any part thereof is owing by the county court to M. L. Gibson. They assert that the road work formerly done by M. L. Gibson for the county court was under separate contracts; that as a result of his financial involvement on account of the plaintiff's judgment and her efforts to collect the same by execution and garnishment, the county court declined to award him any further contracts; that, thereafter, contracts for road repairs were entered into between the

court and H. G. Gibson; that the said order for $900.00 is in consequence of work performed by H. G. Gibson under one of his contracts with the court; that the $900.00 order was in payment for road repair work performed by him in a different magisterial district from that in which M. L. Gibson had rendered similar services; and that the said work was performed by H. G. Gibson about two years subsequent to the last work performed by M. L. Gibson under contract with the court.

It is the general rule that a temporary injunction will be dissolved on motion of the defendant where the verified answer "fully, fairly, plainly, distinctly and positively denies the allegations of the bill on which the injunction was granted, and the material allegations of the bill are not supported by proof other than the affidavit verifying the truth of the allegations therein contained." *Kessel* v. *Cohen*, 104 W. Va. 296, 301, 140 S. E. 15. Consult: *Marcum* v. *Marcum*, 57 W. Va. 285, 50 S. E. 246; *Schoonover* v. *Bright*, 24 W. Va. 698.

The plaintiff recognizes this rule, but urges that she comes within an exception, that is, that even where there is denial of the material allegations of a bill but consideration of the whole matter raises a strong presumption of the existence of plaintiff's equity, an ancillary injunction which preserves the *status quo* should not be dissolved in advance of a hearing on the merits. *Meyer* v. *Meyer*, 60 W. Va. 473, 56 S. E. 209. The preliminary injunction which was granted in this case was ancillary in nature and performed the function of preserving the existing state of things pending the litigation. But, not only did the answers deny the averments upon which the plaintiff based her cause, but the county commissioners in their answer, as above noted, presented a full and satisfactory explanation of the matters of which the plaintiff complains. In this situation, in the absence of evidence tending to support the bill and overcome the averments of the answers, we are unable to perceive on what basis the court would be warranted in the position that there is probability of the existence of plaintiff's alleged equity.

The plaintiff's effort to rejuvenate her cause by filing a second amended bill subsequent to the dissolution of the injunction is ineffectual. The gravamen of the amendment is that there was no contract between the county court and H. G. Gibson. The county commissioners had already met that matter in their answer to the original bill and the first amendment thereto. Their sworn answer is not overcome or cast seriously in doubt by *ex parte* affidavits filed by the plaintiff to the effect that the county court records do not disclose any written contract between the court and H. G. Gibson, and that there was no apparent change in the manner of supervision and performance of the road work after the time that H. G. Gibson is supposed to have become the contractor, from what it was when M. L. Gibson was admittedly the contracting party. The issuance of orders to H. G. Gibson was evidential of a contract with him, for it is not to be presumed that a county court in the discharge of its important functions would issue orders for work and services to a person with whom it had no contractural arrangement. That there was no apparent change in the supervision of the work is readily understood in the light of the alleged fact that the young man was the operator of the mechanical shovel used in this work, and while he was so engaged the supervision of general matters was left to his father who evidently maintained connection with the work after the son succeeded him as contractor.

In the situation as presented we are of opinion that the chancellor committed no error in sustaining a motion to dissolve the temporary injunction. We affirm his action.

*Affirmed.*