STATE *ex rel.* J. A. PERRY *v.* E. G. ADKINS *et al.*

(No. 8093)

Submitted April 16, 1935. Decided April 23, 1935.

218

*Daugherty & Daugherty,* for plaintiffs in error.
*F. W. Riggs,* for defendant in error.

MAXWELL, JUDGE:

Defendants, E. G. Adkins, A. Stout and Daisy Short, have obtained this review of a judgment against them for $495.95 in favor of the State of West Virginia which sues for the benefit of J. A. Perry, herein referred to as plaintiff. The court acted on an agreed statement of facts, a jury being waived.

The action is based on an injunction bond executed by the said defendants, in the chancery cause of Cora Adkins v. J. A. Perry and W. W. Gladwell, trustee, lately pending in the circuit court of Cabell County.

In the said cause Cora Adkins attacked the validity of a certain deed of trust purporting to have been executed by herself and her husband, E. G. Adkins, in favor of J. A. Perry. She asserted that she had not executed it. On her motion there was awarded a temporary injunction enjoining sale of the property under the deed of trust until further order of court. The chancellor required of her an injunction bond of $500.00. On final hearing in the circuit court, the temporary injunction was dissolved and the bill dismissed. There was affirmance in this Court on appeal. *Adkins v. Perry,* 114 W. Va. 829, 174 S. E. 377.

The judgment at bar embraces all of the costs and expenses, including attorneys' fees, incurred by Perry, principal defendant in the chancery cause, both in the trial court and in this Court. The correctness and propriety of the several

amounts are not brought in question. The point for determination is whether, on the facts agreed, the plaintiff is entitled to recover the total amount of the said expenditures or any part thereof.

The rule is thus stated: ''When counsel fees and personal expenses are sought to be recovered as damages on an injunction bond, it is incumbent on the plaintiff to show either that injunction was the sole relief to which the suit pertained, or that the fees and expenses were paid out solely for the purpose of procuring a dissolution of the injunction as distinguished from expenditures for the hearing of the principal issues involved in the case.'' *State ex rel. Tully* v. *Taylor*, 67 W. Va. 585, 68 S. E. 379. Consult *Meadow River Lumber Co.* v. *Coal Co.*, 104 W. Va. 324, 140 S. E. 49.

It is the position of the plaintiff that the suit was essentially a bill of injunction; that it was necessary for the case to be fully developed in order that the trial court would have proper basis for determining whether the injunction should be perpetuated or dissolved; that by the supersedeas awarded by this Court on motion of Cora Adkins, the injunction was continued in force pending appeal; that all of the plaintiff's costs and expenditures in both courts pertained primarily to the dissolution of the injunction and therefore he is entitled to recover on the bond all expenditures incurred and damages.

On the other hand, the defendants contend that the injunction was merely ancillary to the main purpose, namely, cancellation of the deed of trust, and therefore the plaintiff's recovery should not extend beyond outlay, if any, incident to efforts to obtain dissolution of the injunction, and pertinent damages, if any.

The enjoining of the sale could not, in itself, have been justified. Such action was merely incident to the end sought. The primary purpose of the suit was to determine whether the deed of trust was valid. Attorneys' fees and expenses of taking depositions were incurred by the plaintiff herein in pursuance of his efforts to sustain the trust. He made no motion to dissolve the injunction. It remained effective until final adjudication.

To the general rule,—that where the answer to a bill, upon

which a temporary injunction has been awarded, clearly, fully, fairly, distinctly and positively denies the material allegations of the bill the injunction should be dissolved in the absence of proof to sustain the bill,—there are well defined exceptions, "as where the plaintiff would lose all the benefit which would otherwise accrue to him should he finally succeed in the cause, or where the facts disclosed by the bill and answer afford strong presumption that the plaintiff will establish his claim for relief on the parol hearing, and it appears that he would suffer great and immediate injury by a dissolution of the injunction, or when a dissolution of the injunction would in effect amount to a complete denial of the relief sought by the bill." *Shonk* v. *Knight*, 12 W. Va. 667. Consult *Meyer* v. *Meyer*, 60 W. Va. 473, 56 S. E. 209; *Snodgrass* v. *Mohr*, 115 W. Va. 507, 177 S. E. 190.

The answer being full and positive in its denial of the material allegations of the bill, the preservation of the status would not alone have justified continuance of the injunction. As indicated by the above statement of the relevant rule *(Shonk* v. *Knight)*, there should have been some showing of the necessity of preserving the status. The defendants (in chancery) did not cause the injunction to be submitted to such test under a motion to dissolve. J. A. Perry (defendant in chancery, plaintiff here) not having challenged the injunction order upon filing his answer, is not in position to say that under the pleadings it was necessary for the injunction to remain in force until final hearing. That was a matter to be determined by the chancellor upon his attention being directed thereto. *Non constat* but that if such motion had been made on the incoming of the answer, the court would have dissolved the injunction. *Kessel* v. *Cohen*, 104 W. Va. 296, 140 S. E. 15; *Marcum* v. *Marcum*, 57 W. Va. 285, 50 S. E. 246. That would have precluded liability from subsequently arising under the bond. In the absence of such motion, the plaintiff can not be heard to say that it would have been a vain and useless thing to make it. He is not in position to rely on the pendency of the injunction as basis for recovery, when such pendency might have been terminated had he made proper effort to that end. On the filing of the answer,

the court very logically could have entertained the opinion that, the date for sale as advertised by the trustee having passed, the temporary injunction had fulfilled its mission and there was no reason why it should be kept in effect during the further pendency of the suit. It is scarcely to be imagined that the creditor would have made additional effort to subject the property to sale while the suit was pending. By his present position he in effect asserts that it was necessary for the injunction to be continued in force pending decision on the merits, in order that he be prevented from doing something which obviously he should not have done. The refutation of the position lies in its statement. Therefore, there is lack of justification for Perry's proposition that it was necessary for the whole case to be developed in order that there be basis for determining whether the temporary injunction should be dissolved.

The item of $155.00, rental value of the property during the period when the injunction was in force, is wholly without support. The theory on which the plaintiff would be entitled to the value of the use of the property pending sale under the trust does not appear.

The plaintiff not having established a right to recover damages for loss of the use of the property, or costs or attorneys' fees, the most to which he is entitled is the item $21.05, printer's fee for notice of sale.

Therefore, we reverse the judgment of the trial court, and, in the light of the fact that the case was heard by the trial court without a jury, will render such judgment here as the court of first instance should have rendered. There will be judgment for the plaintiff for the said sum of $21.05, with interest, and costs in the trial court. Costs in this Court will be awarded the defendants (plaintiffs in error), they substantially prevailing here.

*Reversed and rendered.*