JAKE HUFFMAN *v.* ANNA CHEDESTER *et al.*

(No. 9473)

Submitted September 7, 1943. Decided October 5, 1943.

74

L. D. *Archer* and *Harper & Baker,* for appellants.
J. H. *Smith* and *H. Paige Bell, Jr.,* for appellee.

Lovins, Judge:

Plaintiff, Jake Huffman (sometimes called "Hoffman"), filed his bill of complaint, with exhibits, in the Circuit Court of Wirt County against Anna Chedester, R. W. Chedester, and The Real Estate and Improvement Company of Baltimore City, a corporation, praying that a deed of conveyance from the corporate defendant to the Chedesters be cancelled as an alleged cloud on plaintiff's title, and that the Chedesters be enjoined from trespassing on certain land claimed by plaintiff.

A temporary injunction was awarded on the filing of the bill. Thereafter the Chedesters, after filing a demurrer, upon which no ruling appears in the record, and a verified answer supported by four affidavits, moved the dissolution of the injunction, which motion, heard on the bill, answer, exhibits, general replication to the answer, and without any proof being offered by plaintiff, was overruled and from the decree refusing to dissolve said injunction, the Chedesters appeal.

From the bill of complaint and exhibits filed therewith, it appears that this controversy arose with respect

to the title to a tract of land containing 2.69 acres, which is embraced within the exterior boundary lines of a tract containing 5.5 acres. J. B. Merrill, common source of title, by deed dated December 2, 1902, conveyed 2.69 acres of the 5.5-acre tract, then owned by him, to Little Kanawha Railroad Company. Subsequently, Little Kanawha Railroad Company conveyed the 2.69 acres, together with other lands, to The Real Estate and Improvement Company of Baltimore City, immediate grantor of the Chedesters.

J. B. Merrill, having died intestate, his widow and heirs at law by deed bearing date July 7, 1919, conveyed the 5.5-acre tract to B. M. and B. T. Beeson, describing the same by its exterior boundary lines, making no exception of the 2.69-acre tract therefore conveyed to the Railroad Company. The Beesons conveyed, without exception, the 5.5-acre tract to W. H. Gibson, who thereafter conveyed the same to Harold Gibson, excepting "a certain right-of-way of the Wabash Railroad Company which runs through the land hereby conveyed". Harold Gibson conveyed the 5.5-acre tract to appellee Huffman by deed reading in part as follows: "This conveyance is made subject to the Right-of-Way of the Wabash Railroad Company, which runs through the above described tract or parcel of land".

The bill alleges that Merrill and his successors in title have had possession of the entire tract of 5.5 acres since the conveyance to the railroad company in 1902, except for a short interval when a part of the railroad company's land was used by contractors as a site for a bakery to produce bread for their workmen; that shortly after the railroad company acquired title to the 2.69-acre tract the building of the railroad was abandoned and possession of said tract was returned to J. B. Merrill; that the consideration for the deed from Merrill to the railroad company was the construction of a railroad and that not having been completed, the consideration failed; and that the defendants have entered on the land of plaintiff and committed sundry acts of trespass such as buildin:

a fence through the land, placing a lock on a well, and threatening to tear down and remove part of a building used as a residence.

Defendants' answer admits that they entered upon the 2.69-acre tract, but asserts that there was no trespass involved as they are the owners of the same, and denies all material allegations of plaintiff's bill of complaint upon which injunctive relief could be predicated. It appears from one affidavit exhibited with the defendants' answer that the 2.69-acre tract of land has been entered on the land books for purposes of taxation since the year 1903 in the name of the railroad company and its successors in title. Three affidavits of residents of Wirt County, exhibited with the answer, disclose that the designations "Little Kanawha Railroad Company" and "Wabash Railroad Company" are synonymous.

Appellants and appellee urge consideration of several contentions which go to the merits of the case, but since the cause has not been fully developed, coming here on an appeal from an interlocutory decree made appealable only by reason of the Code, 58-5-1 (g), (*Gwynn* v. *Rogers*, 92 W. Va. 533, 115 S. E. 428,) we perceive that the sole issue here presented is whether there is error in the trial chancellor's refusal to dissolve the temporary injunction. The general rule, and it has been adverted to many times by this Court, is stated in *Hayzlett* v. *McMillan et al.*, 11 W. Va. 464, as follows: "It is a general rule in equity, that an injunction will be dissolved at the hearing of the motion to dissolve it on bill and answer sworn to, if the answer fully, fairly, plainly, distinctly and positively denies the allegations in the bill, on which the injunction was granted, and the material allegations of the bill are not supported by proof other than the affidavit verifying the truth of its allegations". *Stybr* v. *Lumber Co.*, 110 W. Va. 337, 158 S. E. 669; *McGhee* v. *Stevens*, 121 W. Va. 430, 3 S. E. 2d 615; *Snodgrass* v. *Mohr*, 115 W. Va. 507, 177 S. E. 190; *Seal* v. *Gwinn*, 113 W. Va. 382, 168 S. E. 139; *Scott* v. *Realty Co.*, 106 W. Va. 304, 145 S. E. 586; *Kessell* v.

*Cohen,* 104 W. Va. 296, 140 S. E. 15. See also Section 210, Title Injunction, Vol. V, Michie's Digest of Virginia and West Virginia Reports.

As hereinabove indicated, the verified answer in this suit fully meets the requirements of this general rule, and no proof was offered in support of the bill; nor does a general replication neutralize the effect of the denials contained in the answer. *Arbuckle* v. *McClanahan et al.,* 6 W. Va. 101; *Kester* v. *Alexander,* 47 W. Va. 329, 34 S. E. 819; *Shrewsbury* v. *Meadows,* 115 W. Va. 98, 174 S. E. 688.

The general rule is not, however, without exceptions. Hence where "it appears that there is a strong presumption of the plaintiff's equity and that the injunction should remain in force to preserve the *status quo* of the subject matter pending decision of the cause upon its merits", the injunction should not be dissolved. *Snodgrass* v. *Mohr, supra; Meyers* v. *Meyers,* 60 W. Va. 473, 56 S. E. 209; *Seal* v. *Gwinn, supra; Scott* v. *Realty Co., supra; Shonk* v. *Knight,* 12 W. Va. 667. In this case on the present state of the record there can be no presumption of plaintiff's equities, since it appears from the pleadings that the alleged acts of trespass are occurring only on real estate the title to which is in dispute.

There is no allegation in the bill that the appellee will be irreparably damaged, nor is there any allegation of insolvency of the appellant or inability to respond in damages. However, the allegation of irreparable damage and insolvency of the plaintiff is unnecessary if it appears that the appellee has clear legal title to the land. *Pardee* v. *Camden Lumber Co.,* 70 W. Va. 68, 73 S. E. 82. In the latter instance injunction would lie to restrain trespass, but here the showing of clear legal title is absent. Upon consideration of the facts alleged in the bill of complaint, the denial thereof by answer, and the absence of proof, it does not appear that appellant has such title as will sustain an injunction.

As hereinabove indicated, we do not consider the merits of this case, and express no views thereon, but upon con-

sideration of the whole record we see nothing bringing this suit within the exceptions to the general rule with reference to the dissolution of injunctions. It is true that a motion to dissolve an injunction is addressed to the sound discretion of the trial chancellor, but this discretion must be exercised in accordance with established principles of law, and in this instance we are of the opinion that the trial chancellor's discretion was improperly exercised and that his refusal to dissolve the injunction was error.

For the reasons hereinabove stated, we reverse the decree of the trial chancellor, dissolve the injunction and remand the cause.

*Reversed; injunction dissolved; cause remanded.*